No. 966

LEHMAN et v. LUSZCZAK et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1524. Decided Nov. 9, 1925

755. MECHANICS' LIENS—I. It is mandatory on part of a subcontractor to furnish a statement to the original contractor under 8312 GC.

2. Where demand from owner is made, must be furnished by subcontractor.

YOUNG, J.

The action was commenced by Floyd Lehman in the Lucas Common Pleas to recover from Felix and Ceclia Luszczak, $136.25, an alleged balance due him for work performed and materials furnished in installing a plumbing system in the residence of Luszczak. He also asked for the foreclosure of a mechanic's lien upon the premises of the defendants. Judgment was rendered in favor of the Luszczak's.

Error was then prosecuted to the Court of Appeals.

The evidence shows that the Dixie Realty Company and one Burnham employed Lehman to install the plumbing system but after the house was partially constructed, the contract was abandoned on part of the Realty Company and Burnham, who sometime later absconded. Lehman claiming that he had not been paid, filed his mechanic's lien; and it was contended by the Luszczaks that they were not indebted to Lehman and that the lien is not valid. The Court of Appeals held:

1. Whatever rights Lehman may have in this action are purely statutory; and the first question presented is whether he, being a subcontractor, complied with the law in reference to notice to the owner as to his lien.

2. It is contended by Lehman that the only notice or statement required of him is the one which was required to be furnished to the original contractor; and which it is the duty of the original contractor to pass to the owner.

3. This view is in accord with the authorities except as in cases where a statement is demanded by the owner. Section 8312 GC in part provides: "that the owner - - - - or his agent - - - - may at any time during progress of the work, demand in writing of the contractor or subcontractor - - - - statements, etc."

4. It is insisted that the failure of the original contractor to furnish this statement should not defeat the rights of the subcontractor; and that Lehman should be relieved of this compliance because of his inability to make out a statement and to serve notice upon the original contractor by reason of his absconding from the county, since the law does not require a vain thing done.

5. It was claimed that Burnham and the Realty Company were one and the same party and the absconding of Burnham left no one upon whom notice could be served. There is no testimony that a statement could not have been given to the Realty Company at its office.

6. Even though Lehman's contention were to be conceded, it is difficult to hold any other view than that 8312 GC. is mandatory and that it was therefore imperative on his part to fur-

nish a statement to the original contractor as required therein.

7. The evidence does not justify the finding that Lehman is entitled to a personal judgment; and finding no prejudicial error the judgment is affirmed.

Judgment affirmed.

Attorneys—Silas H. Hurin for Lehman; Walinski and Flowers for Luszczak; all of Toledo.