## WILLIAMSON HTR CO v RADICH

Ohio Appeals, 2nd Dist, Franklin Co
No 1901.   Decided Feb 3, 1931

Irvine, Blanchard & TouVelle, Columbus, for Heater Co.

B. B. Friedman, Columbus, for Radich.

THE FACTS ARE STATED IN THE
OPINION.

ALLREAD, J.

This was an action in the Court of Common Pleas to establish and enforce a mechanic's lien.

A demurrer was sustained to the petition and a proceedings in error has been filed to the judgment.

The question is whether the installation of a heater in a house makes the owner and furnisher thereof a material man or a sub-contractor.

The Mechanics' Lien Law requires a sub-contractor to give notice to his contractor who likewise gives notice to the principal contractor. The material man is not required to give such notice but is only required to make an affidavit to his lien within the time prescribed by law and file the same with the County Recorder.

The case of **Matzinger v The Lumber Company,** 115 Oh St 555, is, we think, decisive of this question.   In relation to whether the plaintiff in error was a material man or a sub-contractor, the second syllabus is conclusive:

"Whether materials furnished by a dealer to his contractor to be used in the process of erection of a building were selected from the stock of the dealer or made by him in his own establishment or procured from another for the particular purpose, such dealer, having nothing to do relative to the installation of said materials or the fabrication thereof in the structure is a material man and not a sub-contractor."

In the case referred to the dealer manufactured the material in his office and transported it to the building. The contractor put it in place. It was held that the dealer in that case was a material man. In the case at bar the heater is not merely delivered on the ground but is installed in the building. This requires a certain amount of labor to install the heater in the building and put in the necessary appliances to use the heater. In fact, the petition to which the demurrer was presented contains a distinct admission of the fact that not only was the heater delivered but the necessary labor was furnished by the plaintiff in error to install it in the building.

To make the case plainer, we might assume that if the Williamson Company were to deliver their heater upon the premises could they, under the contract sued on, enforce payment by the original contractor in the absence of an installation thereof? We think not. It is clear from the petition that the Williamson Company was bound not only to deliver their heater on the ground but to install it in the building. The Williamson Company would, therefore, be necessarily a sub-contractor and the owner is not liable in the absence of notice thereof to the principal contractor.

The first syllabus in the Matzinger case fixes the liability of the sub-contractor and material men as follows:

"The provisions of §8312, GC, requiring notice to be served on the owner of a structure being erected under a contract, apply to the contractor and sub-contractor but not to materialmen."

The demurrer was, therefore, properly sustained and the judgment of the lower court is affirmed.

KUNKLE, PJ, and HORNBECK, J, concur.