Weygandt, C. J.
 

 Tbe one question of law presented in this case is whether, in order to obtain a mechanic’s lien, tbe provisions of Section 8312, General Code, require tbe subcontractor to furnish a statement and certificate to tbe property owner as well as to tbe contractor.
 

 Tbe defendants in error, as did tbe courts below, rely upon tbe first paragraph of tbe syllabus in tbe case of
 
 Matzinger
 
 v.
 
 Harvard Lumber Co.,
 
 115 Ohio St., 555, 155 N. E., 131, as decisive of tbe matter. It is worded as follows: “Tbe provisions of Section 8312, General Code, requiring notice to be served upon tbe owner of a structure being erected under contract, apply to tbe contractor and subcontractor but not to material men.” Although tbe words “and subcontractor” are included in tbe rule there enunciated, an examination of tbe opinion discloses tbat tbe only person involved was a material man, and not a subcontractor. Furthermore, tbe syllabus does not decide or mention whether tbe element of demand is involved in
 
 *126
 
 the notice to be served by a subcontractor. It is of course true that the syllabus of a decision of the Supreme Court of Ohio states the law of Ohio. However, that pronouncement must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the Court. It cannot be construed as being any broader than those facts warrant. When obiter creeps into a syllabus it must be so recognized and so considered. It is therefore evident that the
 
 Matzinger case, supra,
 
 is not dis-positive of the instant question.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Baillie,
 
 112 Ohio St., 567, 148 N. E., 233; 11 Ohio Jurisprudence, 796.
 

 The plaintiff in error bottoms his argument upon the language used in the case of
 
 Schuholz
 
 v.
 
 Walker,
 
 111 Ohio St., 308, 145 N. E., 537. However, it must be observed that the statement relied upon appears in the opinion, but not in the syllabus. This Court is therefore free to consider this question as one of first impression.
 

 Do the provisions of Section 8312, General Code, require a subcontractor to furnish a statement and certificate to a property owner without a demand therefor? In the instant case no such statement or certificate was furnished, and none was demanded.
 

 It is clear that the contractor must furnish a statement and certificate to the owner “whenever any payment of money shall become due * * *.” It is equally clear that the contractor shall also deliver to the owner a similar sworn statement and certificate from the subcontractor. But must the subcontractor do anything more than furnish this statement and certificate to the contractor for delivery to the owner? The defendants in error rely upon the following language of the statute: “Until the statements provided for in this section are made and furnished in the manner and form as herein provided, the contractor shall have no right of action or lien against the owner, part owner,
 
 *127
 
 or lessee, on account of such contract, and the subcontractor shall have no right of action or lien against the owner, part owner, lessee or contractor, until he shall have furnished such statements, * * V’ What is connoted by the words, “the statements provided for in this section” to be furnished by the contractor? Obviously the statements that he must furnish to the owner. What then is the significance of the words, “such statements” jto be furnished by the subcontractor? Thus far the only “statements” mentioned in the statute in connection with the subcontractor are those to be furnished by him to the contractor. How then can it logically be urged that this reference is to statements to be furnished by the subcontractor to the owner? Not until the last sentence in the whole statute is anything said about a statement to be furnished by the subcontractor directly to the owner. This reads as follows: “In order that the owner, part owner, lessee, mortgagee, or contractor may be protected, he or his agent may at any time during the progress of the work demand in writing of the contractor or any subcontractor, any or all statements herein provided for, which shall be made by the contractor or subcontractor, and given to the owner, part owner, lessee, mortgagee, contractor or his agent, and if such contractor or subcontractor fails to furnish such statements within ten days after demand is made he shall be liable to such owner, part owner, lessee, mortgagee or contractor, -making such demand, each time he so refuses or neglects to comply with such demand, in the sum of one hundred dollars and also for all actual damages occasioned by such neglect or refusal.” Reduced to its lowest terms, the unmistakable import of this language is that the owner may demand that a statement be furnished directly to him by the subcontractor within ten days. Then only must this be done.
 

 It is apparent that the decree of the Court of Ap
 
 *128
 
 peals must be reversed and the cause remanded to the Court of Common Pleas for further proceedings in conformity with this decision.
 

 Decree reversed.
 

 Ailen, Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.