**D'ANTONIO PLUMBING & HEATING COMPANY, Plaintiff-Appellee,**
**v. STROLLO et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4045.   Decided October 9, 1959.

Avetis G. Darvanan, Youngstown, for plaintiff-appellee.
Modarelli & Modarelli, Youngstown, for defendants-appellants.

## OPINION

By PHILLIPS, J.

In plaintiff's action in the court of common pleas it prayed the court to adjudicate a mechanic's lien against property of which defendants were at all times in contention the owners.

In attempting to perfect its claimed mechanic's lien plaintiff prepared as the "statement under oath," to which reference is made in §1311.04 R. C., an affidavit introduced in evidence as plaintiff's Exhibit 2, which as applicable provides:—

"Stanley D'Antonio, being first duly sworn, says that he is the president of the D'Antonio Plumbing and Heating Co. the sub-contractors, having a contract with Riverside Construction Corporation, the general contractors, for the erection of a building located on the following described premises:

"Situated in the Township of Austintown, County of Mahoning, State of Ohio, being known as a part of the southwest quarter of Great Lot No. 17 of said Township, bounded and described as follows:

"Known as Lot No. 10 Timberlane Plat No. 1 formerly a part of Great Lot No. 17 in said Township as recorded in Vol. 37, Page 22, Mahoning County Records of Plats.

"Said Lot No. 10 of Timberlane No. 1 has a frontage of 89.90 feet on the west line of Red Gate Lane and extends back on its North line 194 feet and extends back on its South line 187.33 feet and has a rear line of 80 feet as appears by said plat.

"That pursuant to said contract, D'Antonio Plumbing and Heating Co. furnished certain labor and material to the general contractor. That the total contract price for said labor and material furnished is $1249.30, the sum of $578.10 having been paid and that there is now due and owing said D'Antonio Plumbing and Heating Co. from said Riverside Construction Corporation the sum of $671.20.

"This affiant further says that he has paid all labor and materialmen employed by him in connection with said contract."

Copy of such affidavit was served upon defendants Strollo, but admittedly not upon Riverside Construction Company.

Defendants urged that the trial court should hold the claimed lien invalid because a copy thereof was not served upon the principal contractor; and that even if it had been served it was inadequate in that it merely stated that all materialmen employed by plaintiff had been paid without naming them, "Such defect being an operatively flagrant one."

The trial judge found for plaintiff and adjudged and decreed the claimed lien against defendants' property valid and entered judgment accordingly.

Defendant Strollo appealed to this court on questions of law.

The questions raised in this court are:

1. "To perfect a lien must plaintiff, under the provisions of §1311.04 R. C., have had to furnish defendant, Riverside Construction Corporation, the principal contractor, a copy of the aforequoted statement?

2. "Was said statement inadequate as a matter of law within the meaning of §1311.04 R. C., in that it did not name the materialmen

employed by plaintiff, merely stating therein that all materialmen employed by plaintiff in connection with the said contract had been paid?"

We shall answer only these two questions in reaching our conclusion.

Defendants urge the foregoing questions should be answered "yes," and that if either one, the other or both are so answered, it follows that the lien is invalid, and in such event the judgment of the common pleas court is contrary to law as reversible error was committed.

Defendants support this contention by quoting from C. C. Constance & Sons v. Lay et al, 122 Oh St 468, where, at page 469, it is said:—

"Our mechanic's lien law contains the provision that the same shall be liberally construed in so far as it is remedial, but this does not justify the relinquishment of a mandatory requirement of the law respecting the perfection of a lien. This statute confers an extraordinary right in derogation of the common law, and, though liberality with reference to errors in procedure is permissible, the steps prescribed by statute to perfect such lien must be followed, and in that respect the law is strictly construed and applied."

Defendants also cite Lehman v. Luszcak, 3 Abs 734, where it is said:—

"Mechanics' Liens. It is mandatory on part of a subcontractor to furnish a statement to the original contractor under §8312 GC."

At page 735 the court said:—

"Even though Lehman's contention were to be conceded, it is difficult to hold any other view than that §8312 GC, is mandatory and that it was therefore imperative on his part to furnish a statement to the original contractor as required therein."

With reference to the question that if the materialmen were paid it is not necessary to list them defendants cite Frisch v. Ammon, 34 Oh Ap 447, where, at page 449, it is said:—

"It is claimed that if the materialmen were paid it is not necessary to list them. We construe the statute otherwise, and as requiring the listing of all persons furnishing material, whether paid or unpaid at the time of furnishing the statement."

There is evidence that plaintiff served by registered mail upon defendants Strollo a copy of such statement within sixty days as set out in §1311.04 R. C.; that plaintiff did not furnish defendant, Riverside Construction Corporation, with a copy of the statement.

Plaintiff claims it has complied with the provisions of §1311.04 R. C., and that the judgment of the lower court should be sustained.

Plaintiff contends he furnished his affidavit stating that labor and materialmen have been paid in full.

The purpose of requiring a sub-contractor to furnish affidavits to the original contractor is to advise the owner of any claims in order that the owner may be protected.

The questions raised demand interpretation of §1311.04 R. C., which provides that where laborers are employed and they have been paid in full, the demands of the statute are satisfied, and it is necessary only to state that fact and only the names of laborers who have not been paid in full need be listed. No such statement concerning materials is contained in §1311.04 R. C. This is likely so because in many cases

materials come from stock and sub-contractors have purchased the same brands of materials but from various distributors and the same have been co-mingled, and it is impossible to furnish an affidavit stating which materials came from which materialmen.

Plaintiff contends an affidavit furnished by the sub-contractor stating that all materials have been paid for is sufficient to comply with the requirements of §1311.04 R. C., covering the affidavit to be furnished by materialmen.

The agreed statement of facts indicates that materials used by the two subcontractors came from their own shops, warehouses, or stores, thus obviating the necessity of making the statement with reference to materials for which defendants contend.

Sec. 1311.24 R. C., provides:—

"Secs. 1311.01 to 1311.24 inclusive, R. C., are to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with said sections is sufficient for the validity of the liens under said sections, provided for and to give jurisdiction to the court to enforce the same."

There is nothing misleading in the manner in which the paper writing in question was executed, and it is not defective on the grounds urged. See **Gannon v. Potter, Teare & Co., 12 Oh Ap 9.**

Now as to whether the subcontractor was legally bound to furnish an affidavit to the original contractor and to the owner.

In **26 O. Jur., Section 105, Page 830,** it is said:—

"'* * * Subcontractors also are required by statute to furnish sworn statements as to any unpaid laborers and materialmen and subcontractors under them. * * * There are diverse views as to the person to whom the subcontractor must furnish the statement. * * * That the statement must be served on the owner has been expressly held by the court of appeals. **(Gannon v. Potter, 12 Oh Ap 9.)** And in another case a statement served on the owner has been held sufficient, at least where the head contractor is bankrupt. There is a third view to the effect that while the subcontractor is required to serve his notice on the principal contractor, he is bound to see that notice thereof is given to the owner. **(Williamson Heater Co. v. Radich, 10 Abs 70,** reversing **9 Abs 605.)**"

The purpose of requiring a subcontractor to furnish affidavits to the original contractor is to advise the owner of any claims in order that the owner may be protected.

In the case of **Marcum v. The Home Loan & Building Assn. et al., 45 Oh Ap 237,** at page 241, it is said:—

"'* * * It will be noticed that the statute in limiting the subcontractor's right to lien states: 'And the subcontractor shall have no right of action or lien against the owner, part owner, lessee or contractor until he shall have furnished such statements.' The statute does not specifically say to whom, except by inference in requiring the original contractor to furnish the owner with the attached certificate of the subcontractor.

"In the instant case the subcontractor did the thing which is within the evident intent of the statute, viz., saw to it that the owner was

advised of his claim. He did furnish such statement, and we consider brought himself within the provision of §8323-8 GC, entitling him to the 'beneficial results, intents and purposes' of the law, in that there was 'substantial compliance with its several provisions,' in so far as was to best safeguard the interest of the owner within a reasonable and fair interpretation of the language used in the statute."

Since plaintiff did record his lien and within the sixty days, furnished the owner with a copy of such affidavit to obtain a mechanics lien, together with additional affidavit stating all labor and material paid for, plaintiff having complied with all the requirements of §1311.04 R. C., the decision of the trial court should be and is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.