B. A. M., INC., APPELLANT, *v.* McDONALD ET AL., APPELLEES.

(No. 9735—Decided December 13, 1965.)

*Mr. Louis A. Ginocchio,* for appellant.
*Messrs. Rolf, Dolle, Rueger, Mongan & Leming,* for appellees.

LONG, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County. Plaintiff, appellant herein, sought a foreclosure of a mechanic's

lien on the premises of the defendant, Dorothy McDonald, appellee herein, which it obtained as a result of the furnishing of materials and labor for the remodeling of the kitchen of defendant's home.

The evidence is undisputed that the owner, defendant, gave two checks, each in the sum of $1,000, to the general contractor on December 23, 1961, and March 6, 1962, respectively, but did not receive a general contractor's affidavit under the Mechanic's Lien Law until March 13, 1962. It was on the latter date that the final payment under the contract was due and paid. Although at that time the defendant had in her possession an amount still due to the general contractor, which was more than sufficient to pay plaintiff for the labor and materials which it furnished on the job, the affidavit of the general contractor was false; the name of plaintiff and the amount due it were not listed.

The sole question for determination in this case is whether the owner is liable to a mechanic's lien holder to the extent of payments made by her to the principal contractor prior to the principal contractor furnishing an affidavit in compliance with the statute.

It is true that the owner received an affidavit at the time of final payment; however, two thousand dollars had been previously paid to the principal contractor, without his furnishing the necessary affidavits at such times. Section 1311.04 of the Revised Code provides:

"Whenever *any payment of money* becomes due from the owners, * * * or whenever the original contractor desires to draw *any money* from the owner * * *, such contractor shall make out and give to the owner * * * a statement under oath, showing the name and address * * * of every person furnishing * * * material * * * and giving the amount which is due or *to become due to them,* * * *." (Emphasis supplied.)

It is obvious, and the cases so hold, that the prepayment of the two thousand dollars by Mrs. McDonald did not come under the protection of the principal contractor's affidavit received by the owner at the time of final payment. The real purpose of the Mechanic's Lien Law is to provide that materialmen, laborers and subcontractors will be paid, unless the owner protects himself by requiring the necessary affidavit at the time

*"any payment of money becomes due"* or may *"become due."* (Emphasis supplied.)

In the case of *Walker* v. *Ball*, 113 Ohio App. 313, this court held in paragraph two of the syllabus:

"In an action to enforce a subcontractor's mechanic's lien, the owner cannot take credit for payments made to the contractor without securing from him an affidavit that all laborers and materialmen have been paid, such payments being made at the owner's risk."

That decision expresses the weight of authority on the subject.

The judgment of the court below is reversed.

Coming now to render the judgment which should have been rendered by the court below, final judgment in favor of plaintiff is rendered by this court in the sum of $725.12, with interest thereon at six per cent per annum from March 10, 1962, against defendant owner, Dorothy McDonald; it is further adjudged and decreed that plaintiff has a valid lien upon the premises herein for the aforesaid amount; that all liens on such premises be marshalled according to law; that unless such liens be satisfied, such property be sold and from the proceeds of such sale such liens be satisfied according to their priority, all in accordance with law.

*Judgment accordingly.*

HILDEBRANT, P. J., and HOVER, J., concur.