UNECO, INC., v. METROPOLITAN DEV. CORP. ET AL.

[Cite as UNECO, Inc., v. Metropolitan Dev. Corp. (1973), 34 Ohio Misc. 58.]

(No. 53463—Decided February 8, 1973.)

Common Pleas Court of Scioto County.

*Mr. Robert E. Dever,* for plaintiff.
*Mr. Harry T. Herdman,* for defendant Kathryn Hanes.
*Mr. Richard L. Eisnaugle,* for defendant Metropolitan Development Corporation.
*Mr. James C. Fitch,* for defendant Security Central National Bank.

MARSHALL, J. Plaintiff is a subcontractor. In the first cause of action of the amended complaint, a money judgment is demanded against the original contractor. The second cause of action requests the foreclosure of a me-

chanic's lien against the owner of the premises upon which material and labor were expended. The owner, by answer, alleges that the lien is defective for the reason that the plaintiff "failed to make out, furnish, or serve the statement under oath and certificates in the form as set forth in and required by Section 1311.04 of the Ohio Revised Code," and asks that the lien be cancelled. In its answer to certain interrogatories, plaintiff admitted that allegation; whereupon, defendant filed a motion for summary judgment, which is the matter now before this court.

For the purposes of the motion, it must be deemed to be undisputed that the plaintiff prepared and filed an affidavit for a mechanic's lien in the office of the recorder and served a copy thereof upon the defendant, as prescribed by R. C. 1311.06 and 1311.07.

The only question raised herein is one of law and may be stated as follows: To perfect a mechanic's lien, must a subcontractor have furnished the sworn statements referred to in R. C. 1311.04, where no demand was made for the same by either the original contractor or the owner, and, if so, to whom must they have been furnished? R. C. 1311.04, entitled Statement of original contractor to owner before payment; affidavit, reads as follows:

"Whenever any payment of money becomes due from the owner, part owner, or lessee, or whenever the original contractor desires to draw any money from the owner, part owner, or lessee, under their contract, or whenever any mortgagee makes a written demand, such contractor shall make out and give to the owner, part owner, lessee, or mortgagee, or his agent, a statement under oath, showing the name and address of every laborer in his employ who has not been paid in full and also showing the name and address of every subcontractor in his employ, and of every person furnishing machinery, material, or fuel, and giving the amount which is due or to become due to them, or any of them, for work done, or machinery, material, or fuel furnished to him, which statement shall be accompanied by a certificate signed by every person furnishing machinery, material, or fuel to him.

"* * *

"The original contractor shall also deliver to such owner, part owner, lessee, or mortgagee similar sworn statements from each subcontractor, accompanied by like certificates from every person furnishing machinery, material, or fuel to such subcontractor. The owner, part owner, lessee, or his agent shall retain out of any money then due or to become due to the principal contractor, an amount sufficient to pay all demands that are due or to become due to such subcontractors, laborers, and materialmen, as shown by the contractors' and subcontractors' statements and the certificates of materialmen for work done or machinery, material, or fuel furnished, and shall pay said money to them according to their respective rights. All payments so made shall, as between such owner, part owner, lessee, or mortgagee, and such contractor, subcontractors, and persons performing labor or furnishing machinery, material, or fuel, be considered the same as if paid to such original contractor, and such owner, part owner, lessee, or mortgagee shall thereupon be released of any further liability to the extent of such payments so made.

"Until the statements are made and furnished in the manner and form provided for in this section, the contractor has no right of action or lien against the owner, part owner, or lessee, on account of such contract, and the subcontractor has no right of action or lien against the owner, part owner, lessee, or contractor, until he has furnished such statements, and any payments made by the owner, part owner, or lessee, before such statements are made or without retaining sufficient money, if that amount is due or it is to become due, to pay the subcontractors, laborers, or materialmen, as shown by the said statements and certificates, are illegal and made in violation of the rights of the persons intended to be benefited by sections 1311.01 to 1311.24, inclusive, of the Revised Code, and the rights of such subcontractors, laborers, and materialmen to the lien, are not affected thereby."

Defendant relies upon comments of text writers and portions of court opinions which, at least, imply that under the above statutory provisions the furnishing of an affi-

davit by a subcontractor is a *sine qua non* to the procurement of a valid lien, even though he has complied with the provisions of R. C. 1311.06 and 1311.07, having filed his affidavit in the office of the recorder and served a copy upon the owner.

One facet of the issue has been settled by the Supreme Court of Ohio. That court in a unanimous decision held, in paragraph two of the syllabus, that "in order to obtain a mechanic's lien a subcontractor is not required to furnish a statement and certificate to a property owner in the absence of a demand therefor." *Williamson Co.* v. *Radich* (1934), 128 Ohio St. 124.

Must a subcontractor furnish these to the original contractor, without a prior demand? Despite *obiter dicta* to the contrary, such a requirement does not seem to be consonant with the purpose or spirit of the legislation. Yet, research has not disclosed a reported case directly in point.

In the case of *D'Antonio Plumbing & Heating Co.* v. *Strollo* (1959), 17 Ohio Op. 2d 26, rendered by the Court of Appeals for Mahoning County, the second paragraph of the syllabus reads as follows: "A subcontractor who recorded its lien and within sixty days furnished the owner with a copy of such affidavit to obtain a mechanic's lien, together with an additional affidavit stating that all labor and materials had been paid for, sufficiently complied with R. C. 1311.04." Although it is not clear from the opinion, it is inferred that the subcontractor did not furnish the original contractor a statement as required by R. C. 1311.04. In the case of *Walker* v. *Ball* (1960), 113 Ohio App. 313, the owner paid the original contractor without obtaining from the contractor an affidavit stating that all subcontractors, laborers and materialmen had been paid. Certain subcontractors filed affidavits for mechanics' liens in the office of the recorder and apparently served the copies upon the owner as required by R. C. 1311.06 and 1311.07. The trial court held the liens to be valid, and that judgment was confirmed by the Court of Appeals, which stated, in paragraph two of the syllabus: "In an action to enforce a subcontractor's mechanic's lien, the owner cannot take credit for

payments made to the contractor without securing from him an affidavit that all laborers and materialmen have been paid, such payments being made at the owner's risk." It must be concluded that in that case no such statements as those referred to in R. C. 1311.04 were furnished by the subcontractors to the original contractor, since the court further found, at page 317, "that the contractor's whereabouts * * * [were] unknown." In the most recently reported case, the Court of Appeals for Hamilton County stated in the syllabus:

"An owner of a building which is being remodeled is liable to a mechanic's lien holder to the extent of payments made by such owner to the principal contractor prior to the furnishing by such contractor of an affidavit in compliance with the provisions of Section 1311.04, Revised Code, a part of the Mechanics' Lien Law." *B. A. M., Inc.,* v. *McDonald* (1965), 5 Ohio App. 2d 166. The court said at page 167: "The real purpose of the Mechanics' Lien Law is to provide that materialmen, laborers and subcontractors will be paid, unless the owner protects himself by requiring the necessary affidavit at the time '*any payment of money becomes due*' or may '*become due.*' "

We conclude that the import of R. C. 1311.04 is to place the burden upon the original contractor and the owner to make certain that the proper statements and certificates are furnished, for the protection of all parties concerned. Subcontractors, laborers, and materialmen are not privy to the contract between the original contractor and the owner. One of the principal purposes of the law is to protect their interests, since they could not otherwise maintain an action against the owner whose premises have been benefitted.

In order to perfect a mechanic's lien, a subcontractor need not furnish the statement and certificates referred to in R. C. 1311.04, unless demand is made therefor by the original contractor or the owner and provided that the provisions of R. C. 1311.06 and 1311.07 are complied with.

*Motion for summary judgment denied.*