ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This is the second time this case has been appealed to our court. Initially, we reversed the imposition of maximum consecutive sentences and remanded the matter for resentencing. On appeal, Berry contends error in the judgment of the common pleas court in resentencing him to a maximum sentence of five years in connection with his plea to the charge of sexual battery in case number 365351, consecutive with a maximum eighteen-month sentence imposed in case number 362139. In this appeal, Berry claims the court failed to make certain findings required by statute, and he also challenges for the first time on this appeal the court's decision to classify him as a sexual predator. After a careful and thorough review of the record and applicable case law, we affirm the judgment of the court imposing maximum consecutive sentences in this case and classifying him as a sexual predator.
The record before us reveals that, on April 16, 1998, in case number 362130, the grand jury indicted Berry on four counts of gross sexual imposition involving a minor victim, A.R. On July 21, 1998, in case number 365351, the grand jury indicted Berry on three counts of sexual battery and ten counts of gross sexual imposition involving a second minor victim, N.B.
Following his arraignment on these cases, the court joined them for trial. After two days trial, Berry entered guilty pleas to sexual battery as charged in count one of the indictment in case number 365351, and to gross sexual imposition in case number 362130. On the recommendation of the prosecutor, the court nolled the remaining charges.
In a journal entry filed on October 13, 1998, the trial court sentenced Berry to a maximum prison term of five years in case number 365351, to be served consecutively with a maximum eighteen-month sentence in case number 362130. In a separate journal entry, the court also determined that Berry automatically classified as a sexual predator pursuant to R.C. 2950.09(A).
Berry appealed his maximum consecutive sentences, and in State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471, unreported, we remanded this case for resentencing because the court failed to make a finding and give its reasons as set forth and required under R.C.2929.14(C)(E)(4)(a)(b)(c) and R.C. 2929.19(B)(2)(c)(e). Upon remand, the trial court resentenced Berry, and after making the statutory findings and giving its reasons, it reimposed maximum consecutive sentences.
On this appeal, Berry challenges the maximum five-year sentence imposed in case number 365351, and raises four assignments of error for our review; he has not separately appealed from his sentence in case number 362130. We will address the first, second and third assignments of error together, because they involve common issues of law and fact regarding the reimposition of the maximum five-year sentence in that case, and we will consider the impact of case number 362130 as it relates to the consecutive nature of the sentence imposed.
 THE TRIAL COURT ERRED IN IMPOSING MAXIMUM TERMS ON ALL COUNTS AND CONSECUTIVE PRISON TERMS ON CASES.
 THE TRIAL COURT ERRED IN FAILING TO MAKE A FINDING GIVING REASONS FOR THE MAXIMUM SENTENCE IMPOSED AND CONSECUTIVE TERMS.
 THE TRIAL COURT ERRED IN FAILING TO MAKE A RECIDIVISM DETERMINATION UNDER R.C. 2929.12.
Berry raises four sentencing issues for our review: the court failed to justify imposition of a maximum sentence under R.C. 2929.14(C) and 2929.19(B)(2)(d); the court failed to consider a minimum sentences under R.C. 2929.14(B); the court failed to justify imposition of consecutive sentences under R.C. 2929.14(E)(4) and 2929.19(B)(2)(c); and the court failed to consider the seriousness and recidivism factors in R.C.2929.12(D).
 I.
R.C. 2929.14(C) and 2929.19(B)(2)(d),(e) Berry initially contends that the trial court erred in imposing a maximum five-year sentence for sexual battery, a felony of the third degree. R.C. 2929.19(B)(2)(d) and (e) requires a trial court to make a finding that gives it reasons for selecting a maximum prison term. In addition, R.C. 2929.14(C) provides:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Based on our review of the record, we have concluded that the trial court complied with these statutes during resentencing by finding his conduct to be the worst form of * * * sexual battery based on the age of his minor victim and his position as her minister. (Tr. 6-8.)
 II.
R.C. 2929.14(B) Berry also maintains that he has never served a prison term, and therefore R.C. 2929.14(B) requires the court to impose a minimum sentence because it did not specify on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender.
We begin our analysis of this claim by reviewing R.C. 2929.14(B), which states:
 (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
Our court has expressly held that R.C. 2929.14(B) does not apply when a maximum sentence is imposed pursuant to R.C. 2929.14(C). See, e.g., State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908, unreported ([O]nce a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14(C), it thereafter is not required to justify its reasons for imposing more than the minimum term of incarceration, in spite of the offender's status as an offender who previously had not served a prison term.); State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported (Because we have already found that the trial court did not err in imposing the maximum sentence pursuant to R.C. 2929.14(C), we need not address R.C. 2929.14(B) as its express language renders it inapplicable.).
It is a well-established rule of construction that, in looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible. KeyCorp v. Tracy (1999), 87 Ohio St.3d 238, 241, quoting State v. Wilson (1997), 77 Ohio St.3d 334, 336-337. Here, R.C.2929.14(B) begins with the phrase, Except as provided in division (C) * * * of this section,; we are compelled to give significance and effect to these words. Applying the plain meaning of these words in this phrase, we conclude that it means that the minimum factors in R.C. 2929.14(B) do not apply if the court imposes a maximum sentence in accordance with R.C.2929.14(C).
Our interpretation of R.C. 2929.14(B) and (C) as mutually exclusive has been adopted by other appellate courts in this state. For example, in State v. Jackson (August 20, 1999), Hamilton App. No. C-980512, unreported, the First Appellate District, stating that the express language of R.C. 2929.14(B) renders the section inapplicable where an offender is sentenced to a maximum prison term under R.C. 2929.14(C), clarified its earlier pronouncements holding that where an offender who has not previously served a prison term is sentenced to a maximum term of imprisonment, where the imposition of that sentence is accompanied by the requisite finding under R.C. 2929.14(C), and where that finding is supported by the record, the trial court need not also make a separate finding under 2929.14(B) to justify its imposition of more than the minimum term of imprisonment. The Jackson court concluded:
 * * * Accordingly, in the instant case, the trial court's failure to make any verbal or written findings relative to R.C. 2929.14(B) did not amount to error given that the trial court's imposition of the maximum prison term was accompanied by a finding under R.C. 2929.14(C) that Jackson had committed the worst form of the offense, and given that the record supported this finding.
See, also, State v. Phipps (Feb. 25, 1999), Allen App. No. 1-98-69, unreported.
We recognize that, in State v. Edmonson (1999), 86 Ohio St.3d 324, the court analyzed R.C. 2929.14(B) before affirming a maximum sentence under R.C. 2929.14(C). However, the syllabus of Edmonson provides:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.
It is well established that [t]he syllabus of a decision of the Supreme Court of Ohio states the law of Ohio * * *. Williamson Heater Co. v. Radich (1934), 128 Ohio St. 124. Hence, Edmonson stands for the limited proposition that the trial court need not give reasons for its findings regarding the seriousness of an offense before imposing a longer sentence.
Accordingly, we have concluded that the trial court satisfied the requirements of R.C. 2929.14(C) when it found that Berry, a minister, had committed the worst form of the offense by taking sexual advantage of two minors of this community, his religious community. (Tr. 9.) In so doing, the court obviated the need to make findings or give reasons pursuant to R.C. 2929.14(B).
 III.
R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) Berry next claims that the trial court failed to justify the imposition of consecutive sentences. R.C. 2929.19(B)(2)(c) requires the sentencing court to give its reasons for imposing consecutive sentences. R.C. 2929.14(E)(4) provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Here, the record reflects that the trial court considered this section and made appropriate findings:
 And the Court also finds that the harm caused by the multiple-count offenses, multiple victims and number of times, that no single prison term for either the one count of sexual battery of the one count of gross sexual imposition would be sufficient, nor would it adequately reflect the seriousness of your conduct. * * * (Tr. 8.)
Accordingly, we have concluded that the trial court properly imposed consecutive sentences by satisfying the requirements of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) and (d). We therefore reject Berry's contention to the contrary.
 IV.
R.C. 2929.12(D) Berry's final challenge to his maximum consecutive sentences is that the court failed to consider the seriousness and recidivism factors in R.C. 2929.12(D). That section states:
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense. (Emphasis added.)
Because Berry did not have an extensive criminal record or history of drug or alcohol abuse, the factors listed in subsections (1) through (4) do not apply and the court was not required to consider them. The court, however, did consider the fifth factor when it commented on Berry's lack of remorse.
Accordingly, we have concluded that the trial court properly imposed maximum consecutive sentences in these cases, and we therefore reject these assignments of error and affirm the judgment of the trial court in imposing maximum consecutive sentences in these cases
 THE TRIAL COURT ERRED IN MAKING A FINDING THAT DEFENDANT WAS A SEXUAL PREDATOR.
Berry's last assignment of error challenges the court's determination that he automatically classified as a sexual predator pursuant to R.C.2950.09(A). Berry, however, failed to present this assignment of error in his first appeal, and has therefore presented an untimely appeal from the sexual predator determination made on October 13, 1998. In accordance with App.R. 4(A), we decline to consider this matter, and we reject this contention and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. CONCURS; ANNE L. KILBANE, J. CONCURS AND DISSENTS. (See Concurring and Dissenting Opinion Attached)
 __________________________ TERRENCE O'DONNELL, JUDGE: