FRISCH et v AMMON et

Ohio Appeals, 1st Dist, Hamilton Co
No. 3518. Decided November 4, 1929

Messrs. Leonard H. Freiberg and Maurice A. Thon, Cincinnati, for Frisch et.

Messrs. Walter W. Helmholz and Moulinier, Bettman & Hunt, Cincinnati, for Ammon et.

ROSS, J.

The statement made by the lienholder in question contained the remark, under the title "Material", "All material taken out of stock". The record affirmatively shows, in the cross-examination of the lienholder that material was used upon the job not taken out of stock, furnished by supply houses.

The pertinent portion of **8312 GC**, is as follows:

"The original contractor shall x x make out and give to the owner x x x a statement under oath, showing the name of every laborer in his employ who has not been paid in full and also showing the name of every subcontractor in his employ, and of every person furnishing machinery, material or fuel, and giving the amount if any, which is due or to become due to them, or any of them, for work done, or machinery, matreial or fuel furnished to him, which statement shall be accompanied by a certificate signed by every person furnishing machinery, material or fuel to him, x x x x".

Under these facts the provisions of section 8312 were not followed, and the lien, under the provisions of that section, providing that no right of action or lien against the owner shall be maintained until the statements were filed as required, was void against the mortgage.

It is claimed that if the material men were paid it is not necessary to list them. We construe the statute otherwise, and as requiring the listing of all persons for furnishing material whether paid or unpaid at the time of furnishing the statement.

For these reasons, the decision of the court of common pleas will be reversed, and there being no dispute as to the evidence, and the question being one purely of law, we hold that the lien of the A. M. Lewin Lumber Company, by virtue of its second mortgage, is held prior to that of the lienholder, George C. Ammon.

An entry may be presented accordingly.

Cushing, PJ., and Hamilton, J., concur.