DURREL PAINT & VARNISH CO., APPELLANT, *v.* ARNOLD ET AL., APPELLEES.

(No. 2442—Decided October 8, 1957.)

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Gordon H. Savage*, for appellant.

*Messrs. Murr, Murr & Young*, for appellees.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County dismissing plaintiff's action to foreclose a mechanic's lien.

One Podoyak was the owner of the premises on which he constructed a house. William Luft was the general contractor. Victor Arnold, one of the defendants herein, was a subcontractor engaged to paint the house. Plaintiff, appellant herein, The Durrel Paint & Varnish Company, was the materialman which sold and furnished to Arnold the paint used for painting the house.

The plaintiff brought suit against Arnold for the sum of $149.14 on an account for paint furnished, and, in the second cause of action, asked for an order of foreclosure of its mechanic's lien against Podoyak. Judgment was rendered against Arnold on the first cause of action for the amount claimed, and judgment was rendered for defendant Podoyak on the second cause of action.

The appellant's sole assignment of error is that the court erred in its separate conclusions of law in rendering judgment for defendant Podoyak on the second cause of action.

In order to secure payment for work performed, Arnold furnished a sworn affidavit under Section 1311.04, Revised Code. In this affidavit Arnold did not list the plaintiff as a materialman. In fact he listed no materialmen. Instead, the affidavit contained a false statement, as follows: "All material taken from stock and paid for." At the time the balance of the contract price was paid by Podoyak to Arnold, the subcontractor, Podoyak had no knowledge that the plaintiff had furnished the paint for the house.

Section 1311.04, Revised Code, in part, provides:

"Whenever any payment of money becomes due from the owner * * * or whenever the original contractor desires to draw any money from the owner * * * under their contract * * * such contractor shall make out and give to the owner * * * a statement under oath, showing the name of every laborer in his employ who has not been paid in full and also showing the name of every subcontractor in his employ, and of every person furnishing machinery, material, or fuel, and giving the amount which is due or to become due to them * * * which statement

shall be accompanied by a certificate signed by every person furnishing machinery, material, or fuel to him."

The statute provides further that:

"The original contractor shall also deliver to such owner * * * similar sworn statements from each subcontractor, accompanied by like certificates from every person furnishing machinery, material, or fuel to such subcontractor."

This section provides further as follows:

"Until the statements are made and furnished in the manner and form provided for in this section, the contractor has no right of action or lien against the owner * * * on account of such contract, and the subcontractor has no right of action or lien against the owner * * * until he has furnished such statements, and any payments made by the owner * * * before such statements are made or without retaining sufficient money, if that amount is due or it is to become due, to pay the subcontractor, laborers, or materialmen, as shown by the said statements and certificates, are illegal and made in violation of the rights of the persons intended to be benefited by Sections 1311.01 to 1311.24, inclusive, of the Revised Code, and the rights of such subcontractors, laborers, and materialmen to a lien, are not affected thereby."

In view of the foregoing provisions of Section 1311.04, Revised Code, the question is presented whether the owner may rely upon an affidavit which simply states, as in this case, that "all material taken from stock and paid for," in view of the further provisions of Section 1311.05, Revised Code, which afford protection to the materialmen, etc., and also to the owner if there is a compliance with the statutory requirements in Section 1311.05, Revised Code, which in part provides:

"Any person, furnishing machinery, material, or fuel, or performing labor of any kind, as provided in Sections 1311.02 to 1311.04, inclusive, of the Revised Code, whose name has been omitted from the sworn statement or affidavit given by the contractor or subcontractor, may serve on the owner * * * a notice in writing, which notice shall be such as will inform the owner * * * of the nature of the machinery, material, or fuel furnished * * * the amount due or to become due therefor, and a description of the premises where furnished * * *."

The plaintiff did not avail itself of the protection afforded by the above provision by serving on the owner the requisite notice in writing. Section 1311.05, Revised Code, further provides:

"In making said payments the owner * * * may assume the names and amounts set forth in said statements and certificates to be true and correct and such owner is not liable for errors or omissions of said names and amounts in such statements and certificates, unless a notice has been served as provided in this section."

The last quoted provision affords protection to the owner in making payment if there has been an omission or error in the statements furnished under the provision of Section 1311.04, Revised Code, unless a notice has been served on the owner as provided in this section. It is the contention of the plaintiff that the affidavit of Arnold, as a subcontractor, did not comply with Section 1311.04, Revised Code, and the owner, Podoyak, could not rely on it, and that, therefore, Section 1311.05, Revised Code, affords no protection to him in making final payment on the contract.

It is true that Arnold himself, because of the false statement in his affidavit, could not have a valid lien for his work as a subcontractor. *Gannon* v. *Potter, Teare & Co.*, 12 Ohio App., 9; *Frisch* v. *Ammon*, 34 Ohio App., 447, 171 N. E., 247. But here the question is not whether Arnold could have a valid lien, but whether the owner, under Section 1311.05, Revised Code, had a right to rely on his affidavit.

In the instant case the plaintiff could have protected itself by serving on the owner a notice as provided in Section 1311.05, Revised Code. The plaintiff elected not to do so. The burden to perform the acts necessary to perfect the lien is upon him who seeks the benefit of the lien.

The case of *Hoon* v. *Ross,* 31 Ohio Law Abs., 275, decided by the Court of Appeals of the Second Appellate District in 1940, Judge Hornbeck writing the opinion, lays down the controlling principle of law. In that case the court had under consideration the identical statutory provision, then Sections 8312 and 8313, General Code (now Sections 1311.04 and 1311.05, Revised Code). In that case the question presented was stated on page 276 as follows:

" 'Is an owner who pays the original contractor in reliance on the contractor's sworn statement under Section 8312 [General Code], protected against liens subsequently claimed by subcontractors or by persons furnishing labor or material, whose names were omitted from the contractor's sworn statement, and who, prior to payment to the original contractor, furnished no affidavits, certificates or notices provided for by Sections 8312 and 8313, General Code?' "

On page 279 the court discusses the legal effect of the last sentence in Section 8313, General Code (Section 1311.05, Revised Code), which sentence has heretofore been quoted, and concludes that this provision "should absolve the defendants from further liability in this case because the notice which was served upon them by the contractor, if true, was sufficient compliance with Section 8312 [General Code], and the owner had a right to assume that the names set forth were true. The failure of the contractor to include in his statement to the owner the information that plaintiff was a subcontractor, though intentional, was nevertheless an 'omission' in his statement."

In the cited case the omission consisted in the failure to set forth the name of the subcontractor; in the instant case the omission consists in failure to set forth the name of the materialman. In the cited case this court held that the statement in the affidavit, if true, absolved the owner; likewise in the instant case the statement in the affidavit of Arnold, if true, would absolve the owner in making payment. The first, second and seventh paragraphs of the headnotes in the cited case lay down the applicable principles of law, and are as follows:

"1. An owner who pays the original contractor in reliance on the contractor's sworn statement under Section 8312, General Code, is protected against liens subsequently claimed by subcontractors or by persons furnishing labor or material whose names were omitted from the contractor's sworn statement, and who, prior to payment to the original contractor, furnished no affidavits, certificates, or notices provided for by Sections 8312 and 8313, General Code.

"2. The burden of doing those things prerequisite to maintaining a mechanics' lien is upon him who receives the benefit of the lien."

"7. A statement of a contractor to an owner under Section 8313, General Code, which declared that no subcontractor was employed protects the owner in paying the full amount due to the contractor even though the contractor has intentionally failed to include the name of a subcontractor."

In our opinion the judgment of the Common Pleas Court was in all respects correct. There being no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and CRAWFORD, J., concur.