SUBURBAN HEATING CO., APPELLEE, v. LOUGHER ET AL.,
APPELLANTS; BUCKEYE FEDERAL SAVINGS & LOAN. ASSN.
ET AL., APPELLEES.

[Cite as Suburban Heating Co. v. Lougher, 4 Ohio App. 2d 343.]

(No. 7289—Decided July 14, 1964.)

*Mr. Harry Lewis,* for plaintiff-appellee.
*Messrs. Kincaid, Palmer & Randall,* for appellants.
*Mr. Hylas A. Hilliard* and *Mr. Donald L. Littell,* for appellee Buckeye Federal Savings & Loan Association.

DUFFY, P. J. This is an appeal from a judgment entered in the Common Pleas Court of Franklin County. The trial court found that the plaintiff, plaintiff-appellee herein, had a lien upon the premises of the defendant owners, appellants herein and hereinafter referred to as defendants, for the amount of $1,175 and interest.

The plaintiff was the heating subcontractor on the building of a house for the defendants. In its petition the plaintiff alleges that pursuant to a contract with John R. Jewett, a general contractor, it had performed certain labor and furnished materials for the construction of a dwelling on the premises owned by the defendants, and that there was due and owing from the contractor the sum of $1,175. The plaintiff claims a lien on the premises of the defendants in the amount of $1,175, and asked the court to adjudicate its lien and a foreclosure of it.

The defendants, in answer to the petition, admit that they had entered into a contract with John R. Jewett for the erection and construction of a house, and as their first defense entered a general denial to each and every allegation of the petition not admitted to be true.

For a second defense, the defendants allege that the materials and labor furnished and performed by the plaintiff on June 10, 1959, the date they claimed the last labor was performed and materials furnished to the house, were not furnished or performed pursuant to the contract with John R. Jewett.

As a third defense, the defendants allege that the work of the plaintiff was not fully performed, and that the failure and refusal of the plaintiff to complete its work were for the sole purpose of extending the time within which to file its mechanic's lien against the property of the defendants.

The defendants have made five assignments of error:

1. The Court of Common Pleas erred in overruling the motion of the defendants made at the end of the plaintiff's evidence, to dismiss the petition and order the alleged lien canceled of record for the reason that the subcontractor's affidavit, required by Section 1311.04, Revised Code of Ohio, was defective in that it failed to list the materialman, the Ohio Furnace Company, Inc., which furnished materials to the plaintiff for installation in the premises at 4029 Poste Lane and further that the plaintiff failed to furnish the certificate of materialman, the Ohio Furnace Company, Inc.

2. The Court of Common Pleas erred in failing to sustain the motion of the defendants, made at the end of the plaintiff's evidence, to dismiss the petition and order the alleged lien canceled of record for the reason that plaintiff failed to prove service of a copy of the mechanics' lien affidavit upon the co-owners of the property within 30 days after it was filed for record in the office of the Recorder of Franklin County, Ohio.

3. The Court of Common Pleas erred in failing to rule upon or failing to sustain the motion of the defendants, made at the end of all the evidence, to dismiss the petition and order the alleged lien canceled of record for the reasons set out in assignments of error number one and two.

4. The rulings and judgment of the Court of Common Pleas are contrary to law.

5. The rulings and judgment of the Common Pleas Court are against the manifest weight of the evidence.

As to the first assignment of error, it is the defendants' contention that the subcontractor's affidavit was served by the plaintiff on the general contractor, and that in the affidavit, whereas the plaintiff was required by law to name every person furnishing machinery, material, or fuel to it in the amount which was due or to become due for the material, machinery, or fuel under the contract, was contained only the following notation: "All materials taken from stock and paid for in full."

The defendants maintain that the Ohio Furnace Company, Inc., was a materialman of the plaintiff and should have been listed in the affidavit; or the written waiver of lien should have been attached to the sub-contractor's affidavit. The plaintiff contends that there was a sufficient compliance with the statute, as all the materials were purchased from the Ohio Furnace Company, Inc., and were delivered to its warehouse and from it transferred to the house of the defendants. The plaintiff quotes from the decision of the trial judge the following:

"We find that the evidence in this case shows that on August 4, 1959, the date the 'Affidavit of Subcontractor' (Pl. Exh. D) was executed, the miscellaneous materials which were used in connection with the installation of the furnace in this residence were first taken from stock and paid for in full, making it unnecessary to list materialmen who furnished such miscellaneous materials.

"As to the furnace itself, we find that title did pass to plaintiff, and later to the owners of the property when installed and made a part of said residence, and that it was ordered and paid for by plaintiff. The Ohio Furnace Company, Inc., which furnished said furnace to plaintiff for installation in the residence in question, effectively released any possible rights to lien on January 28, 1959, by executing and giving to plaintiff a 'Release of Lien Rights.' "

While the evidence is clear that the alleged materialman, the Ohio Furnace Company, Inc., was paid in full by the plaintiff and that the plaintiff did obtain from the Ohio Furnace Company, Inc., a release of lien rights, it is clear that the Ohio Furnace Company, Inc., was not listed on the affidavit as a materialman, nor was the release of right of lien, which the

Ohio Furnace Company, Inc., had given the plaintiff, attached to the affidavit in lieu of the certificate of the materialman. The plaintiff concedes that if the affidavit was insufficient because of this, the defendants are right in their contention that an error prejudicial to them was committed by the trial court. The plaintiff does not contend that because payment had been made it did not need to list the materialman. See *Frisch* v. *Ammon*, 34 Ohio App. 447; *Durrel Paint & Varnish Co.* v. *Arnold,* 105 Ohio App. 172; and *D'Antonio Plumbing & Heating Co.* v. *Strollo,* 84 Ohio Law Abs. 551.

As to the question whether the Ohio Furnace Company, Inc., was a materialman in this case so as to require a listing of it on the subcontractor's affidavit, defendants' Exhibit 2 and plaintiff's Exhibit I are the original and a copy of a letter sent by the Ohio Furnace Company, Inc., to John R. Jewett, general contractor, and the letter contains the following:

"Dear Sir:

"We have received the contract for $1175.00 entered into between you and Suburban Heating Co. for the installation of L-6-125 Oil Fired, Forced Air Unit at 4029 Post Lane Columbus, Ohio.

"As distributors of quality equipment we feel you have made a wise choice in selecting this type and know you will derive considerable satisfaction in the use of it in the years to come.

"To confirm with the terms of the contract and avoid possible double liability on your part, payment is to be made to Ohio Furnace Co., Inc. & Suburban Heating Co. as follows:

"$1175 when equipment is ready to operate.

"We shall be glad to furnish evidence of payment of the contract in full upon receipt, as you may request.

"Your choice of our equipment is sincerely appreciated and we wish you every satisfaction and enjoyment in its use.

"Very truly yours,
"Ohio Furnace Company, Inc.
"/s/ A W Eifert
A. W. Eifert,
Credit Manager."

"AWE/emb
"cc: Dealer"

Plaintiff's Exhibits J, K, L, and M indicate that four orders from Suburban Heating Company were filled by the Ohio Furnace Company, Inc., and shipped to "Jewett, 4029 Post Road," by their truck. Also, in plaintiff's Exhibits N, O, and P, it appears that on September 2, 1958, November 4, 1958, and November 27, 1958, it placed orders with the Ohio Furnace Company, Inc., for equipment for the job at "4029 Post Road, John Jewett."

Defendants' Exhibit 3, dated December 16, 1958, was a statement sent to John Jewett, 3940 Saturn Drive, Columbus, Ohio, by the Suburban Heating Company, which contained the following:

"Job address: 4029 Post Lane

"Installation of Armstrong L-6-125 Oil Furnace

"Labor and material $1175.00."

Plaintiff's Exhibit G, dated January 28, 1959, was a release of lien rights, and contained the following:

"For value received, the Ohio Furnace Company, Inc., hereby releases all right of lien arising from materials furnished to Suburban Heating Co. 1605 Frebis Avenue, Columbus, Ohio for incorporation with real estate located at 4029 Post Lane—Dublin (John R. Jewett)

"Ohio Furnace Company, Inc.

"By /s/ A. W. Eifert

"A. W. Eifert

"Credit Manager"

There is little doubt, from these exhibits and testimony of witnesses, that the Ohio Furnace Company, Inc., considered that it was furnishing material for incorporation with the real estate on the defendants' property, and, if necessary, could have perfected a lien under Section 1311.05 of the Revised Code as a materialman, regardless of whether the material was delivered to the plant of the Suburban Heating Company or to the property of the defendants. See *Capital City Lumber Co. v. Ellerbrock,* 177 Ohio St. 159.

Because of the failure to include the Ohio Furnace Company, Inc., as materialman, or to attach its waiver of lien to the affidavit, the first assignment of error is well taken and will be sustained.

As to the second assignment of error, there is no evidence

that defendants, Mr. and Mrs. Lougher, were ever served within 30 days as required by Section 1311.07, Revised Code. The transcript of testimony contains at most an admission from Mr. Lougher that he was served with a mechanic's lien affidavit, but there is no definite indication as to how or when. There is evidence that Exhibit D, the subcontractor's affidavit, was served on Mr. Jewett and Mrs. Lougher and the bank, but there is a lack of evidence that a copy of Exhibit H, the Affidavit for Mechanics' Lien, which was properly filed with the county recorder, was ever served on either of the owners of the property within 30 days as required by Section 1311.07. The transcript of evidence fails to show that Exhibit H was served on anyone. The second assignment of error is well taken and will be sustained.

A discussion of the third, fourth, and fifth assignments of error would only include what has been said in regard to the first two assignments, and they will be sustained.

The judgment of the Common Pleas Court is reversed, and judgment is rendered in favor of the defendants.

*Judgment reversed*

BRYANT and TROOP, JJ., concur.