THE J. G. LAIRD LUMBER CO., APPELLANT, *v.* TEITELBAUM, APPELLEE, ET AL.

(No. 40975—Decided April 24, 1968.)

**116**

*Messrs. Dworken & Bernstein* and *Mr. Melvyn E. Resnick,* for appellant.

*Mr. Edwin T. Hofstetter,* for appellee.

Brown, J. Section 1311.04, Revised Code, provides in part as follows:

"Whenever any payment of money becomes due from the owner * * * [the] contractor shall make out and give to

the owner * * * or his agent, a statement under oath * * * showing the name and address of every subcontractor in his employ, and of every person furnishing * * * material * * * and giving the amount which is due or to become due to them, or any of them, * * * which statement shall be accompanied by a certificate signed by every person furnishing * * * material * * *.

"* * *

"* * * The owner * * * or his agent shall retain out of any money then due or to become due to the principal contractor, an amount sufficient to pay all demands that are due or to become due to such subcontractors * * * and materialmen * * * and shall pay said money to them according to their respective rights. All payments so made shall * * * be considered the same as if paid to such original contractor, and such owner * * * shall thereupon be released of any further liability to the extent of such payments so made."

Section 1311.05, Revised Code, provides in part as follows:

"Any person, furnishing * * * material * * * whose name has been omitted from the sworn statement or affidavit given by the contractor * * * may serve on the owner * * * or his agent, a notice in writing * * *.

"* * *

"* * * The service of such notice entitles the person serving the same to all the rights which he would have if his name and the amount due him * * * were contained in the affidavit of a contractor * * *.

"The owner * * * who makes payment or distribution according to respective rights in the manner and form provided in this section and Section 1311.04 of the Revised Code, is not liable to the subcontractors, materialmen, or laborers for any greater amount than he contracted to pay the original contractor * * * but the risk of all payments made to the original contractor after the owner * * * has received the notice mentioned in this section, or before the contractor has furnished him with the statement under

oath as provided in Section 1311.04 of the Revised Code, is upon the owner * * * until the expiration of sixty days within which claims for liens may be filed, as provided in Section 1311.06 of the Revised Code, and no payment made to any contractor before the expiration of said sixty days, shall defeat any lien of any subcontractor, materialman, or laborer, unless such payment has been distributed among the subcontractors, materialmen, or laborers, or if distributed in part only, then to the extent of such distribution. * * *

"In making said payments the owner * * * may assume the names and amounts set forth in said statements and certificates to be true and correct and such owner is not liable for errors or omissions of said names and amounts in such statements and certificates, unless a notice has been served as provided in this section."

The question in this case is whether a property owner obtains the protection provided in Section 1311.05, Revised Code, against the mechanic's lien of a materialman, if he pays the contractor in reliance upon affidavits by the contractor which purport to comply with Section 1311.04, Revised Code, but which neither list any materialmen nor negate their existence, and which are not accompanied by any certificates from materialmen. We find that no protection is obtained by the property owner in such circumstances.

Section 1311.04, Revised Code, clearly requires the contractor to list in his affidavit *every* materialman and to obtain certificates from them. *Frisch* v. *Ammon*, 34 Ohio App. 447. If the contractor lists and obtains certificates from some materialmen, and completely omits others, the owner is nevertheless protected pursuant to the part of Section 1311.05, Revised Code, which provides that an owner "is not liable for errors or omissions of said names and amounts in such statements and certificates, unless a notice has been served as provided in this section."

Similarly, it was held in *Hoon* v. *Ross*, 31 Ohio Law Abs. 275, that a false affidavit stating that no subcon-

tractors were employed protected the owner from a subcontractor's lien. In *Durrel Paint & Varnish Co.* v. *Arnold,* 105 Ohio App. 172, the court held that a contractor's affidavit, stating, "all material taken from stock and paid for," and listing no materialmen whatsoever, protected the owner from an undisclosed materialman's lien.

On the other hand, the owner gets no protection from Sections 1311.04 and 1311.05, Revised Code, unless complete compliance is made with the formal requirements of these sections, since statutes which limit the right of a person furnishing labor or material for improvements upon real estate to recover the full value of such labor or material are to be strictly construed. *Howk* v. *Krotzer,* 140 Ohio St. 100.

There is actually no conflict between the cases protecting the owner although the affidavits are false, and the cases requiring strict compliance with the formal requirements of the statutes. The owner may rely upon the truth of the contractor's affidavit and of any accompanying certificates, but only when their form is apparently correct. If an affidavit lists certain materialmen, and is accompanied by certificates from them, and if there is no reason why the owner should suspect that full compliance with the formal requirements of Section 1311.04, Revised Code, has not been made, then reliance upon the affidavits is justified, and the unlisted materialman must make use of the notice provisions of Section 1311.05, Revised Code, to establish the validity of his lien. *Hoon* v. *Ross, supra.*

If an affidavit negates the existence of materialmen, then there is no reason why the owner should expect certificates of materialmen to accompany the affidavit. The formal requirements of Section 1311.04, Revised Code, may actually be unsatisfied due to the absence of certificates from materialmen, but the owner is entitled, under Section 1311.05, Revised Code, to assume the truth of the affidavit; and assuming the truth of the affidavit, the formal requirements would appear to be as fully satisfied as possible. See *Durrell Paint & Varnish Co.* v. *Arnold, supra,* where the

statement, "all material taken from stock and paid for," negated the existence of materialmen.

If, however, an affidavit does not negate the existence of materialmen, but merely states that all materialmen were paid, and then does not list them, and is not accompanied by certificates from them, it should be apparent to the owner that compliance has not been made with the form required by Section 1311.04, Revised Code. Under such circumstances, which are the circumstances of the instant case, the owner is not justified in relying upon the affidavit.

This rule harmonizes the past cases and provides a simple and logical rule for the future. In accordance with this rule we find that, since it should have been apparent to the owner that the affidavit of the contractor was not in the proper form and accompanied by the proper certificates, the owner of the property was not protected from mechanic's leins under Section 1311.05, Revised Code.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.