WHITESIDES, APPELLEE, v. MASON ET AL., APPELLANTS; HUNTINGTON NATIONAL BANK ET AL., APPELLEES.

[Cite as Whitesides v. Mason (1974), 47 Ohio App. 2d 173.]

(No. 74AP-339—Decided November 19, 1974.)

*Mr. George K. Bernhard, Jr.,* for appellee Paul Whitesides.

*Messrs. Patchen, Murphy & Allison* and *Mr. Craig M. Stewart,* for appellants.

*Messrs. Wright, Harlor, Morris & Arnold* and *Mr. Norman T. Smith,* for appellee Huntington National Bank.

174

Mr. *George C. Smith*, prosecuting attorney, for appellee Philip Goldslager.

*Messrs. Schottenstein, Garel, Swedlow & Zox* and *Mr. R. Jeffrey Schmidt*, for appellee Kenneth O. Kullberg Company.

WHITESIDE, J., Defendants Masons and Tegethoffs appeal from a judgment of the Franklin County Court of Common Pleas, finding plaintiff's mechanic's lien to be valid and ordering the enforcement of such. The remaining defendants have neither appealed nor made any appearance upon this appeal.

In support of their appeal, defendants raised four assignments of error as follows:

"I. The Trial Court erred in holding as a matter of law that a contractor did not have to serve the affidavit required by Section 1311.04 R. C. in order to perfect his mechanic's lien when all of his laborers have been paid in full.

"II. The Trial Court erred in holding as a matter of law that Plaintiff-Appellee complied with Section 1311.07 R. C.

"III. The Trial Court erred in holding as a matter of law that Plaintiff-Appellee complied with Section 1311.11 R. C.

"IV. The Trial Court erred in granting Plaintiff-Appellee interest on the judgment."

Plaintiff contracted with defendant Dennis L. Mason to perform the work of laying bricks around a house owned by the Masons with the bricks being furnished by him. The last of such labor was performed on March 28, 1972. Within sixty days thereafter, plaintiff filed his affidavit for a mechanic's lien, attempted to serve it upon defendant Mason by certified mail, which was refused, and then served it by regular mail which was not returned. The findings of fact of the trial court are as follows:

"(1) All laborers hired by plaintiff had been paid in full at the time of the filing of the Affidavit for Mechanic's Lien.

"(2) Plaintiff filed his Affidavit within 60 days of the date of performance of last labor.

"(3) Defendant, Dennis Mason, refused service of Certified Mail but accepted regular mail service.

"(4) Defendant, Dennis Mason, acknowledged receipt of Affidavit for Mechanic's Lien by serving notice on plaintiff to commence suit, although the property listed in such notice is not the property subject to this suit.

"(5) Defendant, Dennis Mason, has never corrected the description in his notice to commence suit, thereby waiving any technicalities as to time requirements for the filing of such suit.

"(6) Plaintiff performed services for defendant, Dennis Mason, the reasonable value of which is $2,492.00."

Defendant Mason subsequently conveyed the property to the Tegethoffs, apparently in August 1972. Subsequently, defendant Mason sent a notice to plaintiff or his attorney to commence suit on the claimed lien, which notice was defective in form with respect to the description of the lien and the property, and this action was commenced by plaintiff on October 27, 1972.

We shall consider the assignments of error in inverse order. The fourth assignment of error is not well taken. By this assignment of error, defendants essentially contend that the mechanic's lien is limited to the amount of the claim and cannot be increased by any interest that may be due. However, the record clearly indicates that interest was awarded to plaintiff only with respect to the judgment entered for plaintiff against defendant Mason. The trial court, in the judgment entry, found that plaintiff "* * * has a valid and subsisting lien * * *" on the property involved "* * * the exact amount and priority of which will be determined upon sale of the premises * * *." Accordingly, the trial court has not found as contended by defendants that the interest on the obligation was secured by the mechanic's lien. Since the trial court has not made a determination of that issue, there is no error; however, ordinarily, the amount of a mechanic's lien is not increased by interest due on the principal obligation. See *Capital City Lumber Co.* v. *Ellerbrock* (1966), 7 Ohio App. 2d 202.

By the third assignment of error, defendants contend

that plaintiff did not commence this action within sixty days after being served with a notice to commence suit, pursuant to R. C. 1311.11. Unfortunately, the alleged notice to commence suit and proof of service thereon are not in evidence. The only evidence upon this issue is by way of testimony by plaintiff's attorney.

That testimony indicates that plaintiff brought a copy of a notice to commence suit to his attorney on September 8, 1972. The attorney found that the notice referred to the wrong property and to an erroneous deed book reference with respect to the lien. Plaintiff's attorney immediately notified appellants' attorney of the errors in the alleged notice to commence suit. No correct notice to commence suit was ever given. The testimony further was to the effect that the erroneous notice to commence suit was served upon plaintiff on August 23, 1972, and this action was commenced on October 27, 1972. Obviously, to avoid possible difficulties, plaintiff's attorney should have commenced the suit within sixty days after the service of the notice to commence suit, rather than relying upon the fact that the notice was defective.

The trial court found a waiver by defendants of any technicalities as to time requirements by the failure to correct the notice to commence suit after notification of the errors therein. A notice to commence suit upon a mechanic's lien which describes the wrong property and the wrong lien is not sufficient notice to give rise to the forfeiture provisions of R. C. 1311.11, especially where the person giving such notice has been advised of the errors and fails to correct them, even though as a practical matter plaintiff and his attorney must have known that the notice to commence suit intended to refer to the lien in question, although it did not in fact do so. Accordingly, there being evidence to support the findings of the trial court, the third assignment of error is not well taken.

By the second assignment of error, defendants contend that plaintiff did not comply with R. C. 1311.07, requiring that a copy of the affidavit for mechanic's lien be served upon the owner of the premises within thirty days after the filing of the affidavit. The evidence supports the trial court's

finding that R. C. 1311.07 was complied with. The affidavit for lien was filed May 26, 1972. A copy of the affidavit was mailed by certified mail to defendant Mason at about the same time. The certified mail letter was returned marked "Refused," bearing a date of "5/27/72." Thereafter, plaintiff's attorney sent a copy of the affidavit by regular mail, which was never returned. The trial court did not err in finding that this constituted sufficient compliance with R. C. 1311.07. The seond assignment of error is not well taken.

By the first assignment of error, defendants contend that plaintiff lost his right to a lien by failing, prior to the perfection thereof, to serve upon defendant Mason an affidavit stating that all of plaintiff's laborers had been paid in full, contending that this is required by R. C. 1311.04.

The right to a mechanic's lien is defined by R. C. 1311.-02, which provides that:

"Every person * * * who does work or labor upon * * * a house * * * by virtue of a contract, express or implied, with the owner * * * has a lien to secure the payment thereof * * * upon such house * * *."

In connection with perfecting such lien, R. C. 1311.04 provides:

"Whenever any payment of money becomes due from the owner * * * such contractor shall make out and give to the owner * * * a statement under oath, showing the name and address of every laborer in his employ *who has not been paid in full* and also showing the name and address of every subcontractor in his employ, and of every person furnishing machinery, material, or fuel, and giving the amount which is due or to become due to them, or any of them, for work done, or machinery, material, or fuel furnished to him, which statement shall be accompanied by a certificate signed by every person furnishing machinery, material, or fuel to him.* * * The statement under oath and certificate *may be* in substantially the following form: * * *

"Note—If the fact is that every laborer has been paid in full, then recite: 'Every laborer has been paid in full.' If not, then give each unpaid laborer's name and address and the amount due or to become due. * * *

"Until the statements are made and furnished in the

manner and form provided for in this section, the contractor has no right of action or lien against the owner * * *. When the sixty days within which any liens can be filed, have expired, and no liens on account of such improvement exist, then the failure of the contractor to furnish such affidavit as provided in this section shall not act as a bar or defense in any suit or cause of action to collect any claim. * * *." (Emphasis added.)

With respect to this issue, the trial court made the following conclusion of law: "Inasmuch as all laborers have been paid in full, there is no necessity to file any Affidavits under Sec. 1311.04, R. C."

It is not entirely clear herein whether plaintiff was a contractor or a subcontractor. If a subcontractor, no compliance with R. C. 1311.04 was required. *Williamson Heater Co.* v. *Radich* (1934), 128 Ohio St. 124. At trial, defendants offered no evidence other than by way of cross-examination of plaintiff's witnesses. However, in answer to an interrogatory, defendant Mason stated:

"* * * [T]he contract was with Bama Construction, Inc. The contract was not with me." The trial court, however, found personal liability on the part of defendant Mason and rendered judgment against him, although the trial court did not expressly find whether plaintiff was a contractor or a subcontractor. Plaintiff's testimony also did not clearly define his status. However, he testified that he was approached by defendant Mason to do the work involved. He further testified that defendant Mason was involved with a company by the name of "Bowdin Construction." Plaintiff further testified that he was given a check in the amount of $500 of Bama Construction Company, Inc., signed by H. C. Bailey as part payment for the work involved herein, but was not informed by the bank on which it was drawn that there were insufficient funds in the account.

With respect to laborers, the express requirement of R. C. 1311.04 is that the contractor's statement show the name and address of each laborer "who has not been paid in full." There is no requirement that laborers who have been paid in full be listed in the statement. It is true that in the form of statement which the statute provides *may be*

used there is a notation that, if all laborers have been paid, the statement "every laborer has been paid in full" should be included. This statement that laborers have been paid in full is not a mandatory requirement of R. C. 1311.04. The only mandatory requirement is that the statement include the name and address of every laborer who has not been paid in full. Laborers who have been paid in full may be omitted from the statement and, if all laborers have been paid in full, there is no mandatory requirement that the name and address of any laborer be included in the statement.

This is to be distinguished from the situation with respect to subcontractors and materialmen who must be included in the statement whether or not paid. With respect to subcontractors, the contractor is required to furnish a similar sworn statement from each subcontractor. With respect to materialmen, the contractor is required to furnish a certificate by every materialman, which will include a statement as to whether or not they have been paid in full. See *Suburban Heating Co.* v. *Lougher* (1964), 4 Ohio App. 2d 343. There is no similar requirement with respect to laborers.

Accordingly, assuming plaintiff to be a contractor, the issue is whether an R. C. 1311.04 statement is a requisite to the perfection of a valid mechanic's lien by a contractor where there are no materialmen, no subcontractors, and every laborer has been paid in full. R. C. 1311.24 provides as follows:

"Sections 1311.01 to 1311.24, inclusive, of the Revised Code are to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with said sections is sufficient for the validity of the liens under said sections, provided for and to give jurisdiction to the court to enforce the same."

R. C. 1311.04 requires the contractor to furnish the owner a statement under oath listing (1) every subcontractor, (2) every materialman, and (3) every laborer who has not been paid in full. There is no express requirement in R. C. 1311.04 that the contractor furnish a sworn statement that there are no laborers who have not been paid in full, no subcontractors, and no materialmen where that is the situation.

Obviously, there is no requirement that a certificate of materialmen or sworn statements of subcontractors be furnished where there are none, although these must accompany the contractor's sworn statement.

In this case, construing R. C. 1311.04 in accordance with R. C. 1311.24, *supra*, plaintiff did not fail to comply with R. C. 1311.04. The circumstances were such that there was nothing required to be included in a statement to the owner pursuant to R. C. 1311.04. Plaintiff did not fail to give a sworn statement as to all materialmen, as there were none. Likewise, plaintiff did not fail to give a sworn statement as to subcontractors, because there were none. Similarly, he did not fail to give a sworn statement as to laborers not paid in full, because there were none. The purpose of the sworn statement is to protect the owner in making payment to the contractor against possible liens by laborers, subcontractors, or materialmen.

Accordingly, we conclude that, where a contractor has paid all his laborers in full, and there are no subcontractors and no materialmen, a sworn statement pursuant to R. C. 1311.04 is not a prerequisite to the perfection of a valid mechanic's lien by the contractor. Had it been the intent of the General Assembly to require a statement in situations where there were no laborers who had not been paid in full, and no subcontractors and no materialmen, the statute could have expressly set forth a requirement that the contractor furnish a sworn statement to that effect. There is no express statutory requirement. Accordingly, giving the liberal construction to the statute as required by R. C. 1311.-24, we conclude that there is no requirement of an R. C. 1311.04 statement under such circumstances. The first assignment of error is not well taken.

For the foregoing reasons, all four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TROOP, P. J., and REILLY, J., concur.