**In re JOHNSON, INC., d/b/a Southwyck Honda, Debtor.**

**Frederick D. WITTKOP, d/b/a Monroe Glass, Plaintiff,**

v.

**Danny JOHNSON, et al., Defendants.**

**Bankruptcy No. 81–0196.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Jan. 8, 1982.

Jeffrey D. Levy, Toledo, Ohio, for plaintiff.

John J. McHugh, III, Thomas S. Zaremba, John M. Carey, Fuller, Henry, Hodge & Snyder, Toledo, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon Defendant's Motion for Partial Summary Judgment filed in the above captioned case. Defendants allege that Plaintiff's mechanic's lien on the real estate at 1230 Conant Street, Maumee, Ohio is invalid because Plaintiff failed to properly complete the forms required by Ohio Revised Code § 1311.04.

FACTS

The Court finds the following facts:

1.) An oral agreement existed between Plaintiff, Frederick D. Wittkop, (hereafter Wittkop) and Defendants Danny and Dale Johnson and Johnson, Inc. (hereafter Johnsons) for improvements on the property located at 1230 Conant Street, Maumee, Ohio.

2.) Wittkop did work on the property by adding an addition to the building, provid-

ing a new fascia, and all new glass windows. Defendants dispute whether or not the property was indeed improved.

3.) Wittkop employed certain materialmen in connection with this work performed, including Con Air, Johns-Manville, Spans Metal-Texas, and Ohio Plate.

4.) Plaintiff did not specifically include the names of these materialmen in the Affidavit of Contractor which was supplied to Defendant. In fact, the materialmen listed in the affidavit are "none".

5. Under the section of the affidavit marked "Certificate of Materialmen", there is no information supplied nor are there any waivers attached; the section is blank.

The issue presented is whether the Plaintiff's failure to specifically name the materialmen, even though presumably paid, was a material error thereby invalidating the mechanic's lien.

## LAW

This issue has been repeatedly addressed by the Ohio Courts, however, the law is still a bit vague. The principal question that has plagued the courts is whether the mechanics lien statutes are to be treated as remedial and therefore are to be construed liberally, or whether they are to be strictly construed as being in derogation of the common law. (See discussion 36 Ohio Jurisprudence 2d Mechanics' Liens § 14.) The Supreme Court of Ohio indicates that neither of these broad rules is satisfactory, for the statutes must be strictly construed in some respects and liberally construed in others. Furthermore, this Court must follow the construction given by the Supreme Court of Ohio in determining the validity of the mechanic's lien in question.

The controlling statute here is Ohio Revised Code § 1311.04 which in pertinent part states the following:

"§ 1311.04 Statement of original contractor to owner before payment; affidavit

Whenever any payment of money becomes due from the owner, . . . or whenever the original contractor desires to draw any money from the owner, . . . such contractor shall make out and give to the owner, . . . a statement under oath, showing the name and address of every laborer in his employ who has not been paid in full and also showing the name and address of every subcontractor in his employ, and of every person furnishing . . . material, . . . and giving the amount which is due or to become due to them, . . . for work done, . . . material furnished to him, which statement shall be accompanied by a certificate signed by every person furnishing . . . material, . . . to him . . .

### MATERIALMEN

Said affiant further says that the following shows the names and address of every person furnishing . . . material, . . . giving the amount which is due, or to become due, . . . for . . . material . . . under said contract . . . .

### CERTIFICATE OF MATERIALMEN

. . . In lieu of such certificate, there may be furnished a written waiver of lien, release, or receipt . . .

Until the statements are made and furnished in the manner and form provided for in this section, the contractor has no right of action or lien against the owner, . . . on account of such contract, and the subcontractor has no right of action or lien against the owner, . . . until he has furnished such statements, and any payments made by the owner, . . . before such statements are made or without retaining sufficient money, . . . to pay the subcontractors, laborers, or materialmen, as shown by the said statements and certificates, are illegal and made in violation of the rights of the persons intended to be benefited by sections 1311.01 to 1311.-24 . . ."

Section 1311.24 provides:
"Sections 1311.01 to 1311.24, inclusive, of the Revised Code are to be construed literally to secure the beneficial results, intents, and purposes thereof; and a sub-

stantial compliance with said sections is sufficient for the validity of the liens under said sections, provided for and to give jurisdiction to the court to enforce the same."

In interpreting the above statute, the Ohio Supreme Court stated in *C. C. Constance & Sons v. Lay, et al.*, 122 Ohio St. 468, 172 N.E. 283 (1930), "[t]his statute confers an extraordinary right in derogation of the common law, and, though liberality with reference to errors in procedure is permissible, the steps prescribed by statute to perfect such lien must be followed, and in that respect the law is strictly construed and applied." at 469. That Court further addressed a fact pattern very similar to the case at bar in the case of *J. G. Laird Lumber Co. v. Teitelbaum*, 14 Ohio St.2d 115, 236 N.E.2d 531, 43 O.O.2d 176, (1968). In that case, the contractor stated that "all bills for labor and materials, ... have been fully paid and satisfied, to date, and that there is no possibility of any mechanics's lien being filed against said property." The Supreme Court reversed the Court of Appeals judgment by stating in pertinent part the following:

"Section 1311.04, Revised Code, clearly requires the contractor to list in his affidavit *every* materialman and to obtain certificates from them. (emphasis theirs)

... "If ... an affidavit does not negate the existence of materialmen, but merely states that all materialmen were paid, and then does not list them, and is not accompanied by certificates from them, it should be apparent to the owner that compliance has not been made with the form required by Section 1311.04, Revised Code. Under such circumstances, ... the owner is not justified in relying upon the affidavit."

Strict compliance with these statutory requirements is needed to perfect such a lien. In the case at bar, Wittkop did not completely comply with the requirements of Section 1311.04, since it failed to list the materialmen or offer certificates or waivers from them. Therefore, the lien must be declared invalid.

The Court is not sure that this conclusion gives an equitable result in cases such as the one presented here; however, it appears that the law is quite clear in Ohio on this subject and the state interpretation must be followed by this Court. It is therefore

ORDERED ADJUDGED and DECREED that the mechanic's lien of Plaintiff Frederick D. Wittkop is hereby declared invalid and Defendants' Motion for Partial Summary Judgment is Granted, thereby dismissing Plaintiff's Second Cause of Action.