In re JOHNSON, INC., dba Southwyck Honda, Debtor.

Frederick D. WITTKOP, dba Monroe Glass, Plaintiff,

v.

Danny JOHNSON, et al., Defendants.

Bankruptcy No. 81–0196.
(Related Case: 81–00442).

United States Bankruptcy Court,
N. D. Ohio, W. D.

May 13, 1982.

Jeffrey D. Levy, Toledo, Ohio, for plaintiff.

John J. McHugh, III, Thomas S. Zaremba, John M. Carey, Fuller, Henry, Hodge & Snyder, Toledo, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon a Motion for Reconsideration On Debtor's

Motion for Partial Summary Judgment filed by Frederick D. Wittkop, dba Monroe Glass. This Court in its Memorandum Opinion and Order, dated January 8, 1982, granted Defendants' Motion for Partial Summary Judgment and declared that the mechanics lien of Wittkop was invalid. 19 B.R. 706 (Bkrtcy.).

The Court will review the findings of fact:

1.) An oral agreement existed between Plaintiff, Frederick D. Wittkop (hereafter Wittkop), and Defendants Danny and Dale Johnson and Johnson, Inc. (hereafter Johnsons) for improvements on the property located at 1230 Conant Street, Maumee, Ohio.

2.) Wittkop furnished materials and labor for the construction of an addition to the building, providing a new fascia, and all new glass windows. Defendants disputed whether or not the property was improved, and refused to pay Wittkop the balance of the contract price in the amount of Fourteen Thousand Two Hundred Eleven and 12/100 Dollars ($14,211.12), plus interest.

3.) Wittkop employed certain materialmen in connection with this work performed, including Con Air, Johns-Manville, Spans Metal-Texas, and Ohio Plate.

4.) On or about February 9, 1980, Wittkop furnished Johnsons with what purported to be a sworn Affidavit of Contractor. Plaintiff did not specifically include the names of the above mentioned materialmen in the Affidavit of Contractor which was supplied to Defendant. In fact, the materialmen listed in the affidavit are "none".

5.) Under the section of the affidavit marked "Certificate of Materialmen", there is no information supplied nor are there any waivers attached; the section is blank.

6.) Wittkop filed in the office of the Recorder of Lucas County, Ohio, an Affidavit of Lien. Such Affidavit was filed on February 12, 1980, which was within sixty (60) days of the date upon which the last labor was performed (January 16, 1980).

7.) On May 23, 1980, Wittkop filed a foreclosure action in the Court of Common Pleas, Lucas County, Ohio.

8.) Johnsons answered the action on August 21, 1980, and asserted the defense of Wittkop's noncompliance with the Ohio mechanics' liens statutes.

9.) Wittkop claims its lien is perfected and seeks to be treated as a secured creditor by the Bankruptcy Court in the Chapter 11 case of Johnson, Inc.

10.) Johnsons deny the validity of the lien by asserting that the mechanics' lien statute regarding perfection of the lien was not followed.

## ISSUE

The issue is whether the failure of Wittkop to specifically name the materialmen involved in the Affidavit of Contractor, even though they were presumably paid, was a material error invalidating its mechanic's lien.

Section 1311.04 et seq. of the Ohio Revised Code governs mechanics' liens in Ohio. Those sections pertinent to this discussion are set forth as follows:

"§ 1311.04 Statement of original contractor to owner before payment; affidavit

Whenever any payment of money becomes due from the owner, . . . or whenever the original contractor desires to draw any money from the owner, . . . such contractor shall make out and give to the owner, . . . a statement under oath, showing the name and address of every laborer in his employ who has not been paid in full and also showing the name and address of every subcontractor in his employ, and of every person furnishing . . . material, . . . and giving the amount which is due or to become due to them, . . . for work done, . . . material furnished to him, which statement shall be accompanied by a certificate signed by every person furnishing . . . material, . . . to him . . .

## MATERIALMEN

Said affiant further says that the following shows the names and address of

every person furnishing ... material, ... giving the amount which is due, or to become due, ... for ... material ... under said contract ...

CERTIFICATE OF MATERIALMEN

... In lieu of such certificate, there may be furnished a written waiver of lien, release, or receipt ...

Until the statements are made and furnished in the manner and form provided for in this section, the contractor has no right of action or lien against the owner, ... on account of such contract, and the subcontractor has no right of action or lien against the owner, ... until he has furnished such statements, and any payments made by the owner, ... before such statements are made or without retaining sufficient money, ... to pay the subcontractors, laborers, or materialmen, as shown by the said statements and certificates, are illegal and made in violation of the rights of the persons intended to be benefited by sections 1311.01 to 1311.-24..."

Section 1311.24 provides:

"Sections 1311.01 to 1311.24, inclusive, of the Revised Code are to be construed literally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with said sections is sufficient for the validity of the liens under said sections, provided for and to give jurisdiction to the court to enforce the same."

In reviewing the statutes and Ohio cases dealing with these liens, it is clear that this Court should follow the construction and interpretations given to the statute by the Ohio Courts.

The Ohio state courts in the past have been divided on whether to treat the mechanics' lien statutes as remedial requiring a liberal construction, or whether to construe them strictly as being in derogation of the common law. (See discussion in 36 Ohio Jurisprudence 2d Mechanics' Liens § 14.) The Supreme Court of Ohio concluded that both rules must be applied; the statutes must be strictly construed in some respects and liberally construed in others. Specifically the Court determined that the:

"statute confers an extra-ordinary right in derogation of the common law, and, though liberality with reference to errors in procedure is permissible, the steps prescribed by statute to perfect such lien must be followed, and in that respect the law is strictly construed and applied." *C. C. Constance & Sons v. Lay, et al.*, 122 Ohio St. 468, 172 N.E. 283 (1930).

In effect, mechanics liens on their face must show compliance with all the statutory requisites for validity. A lien will not be created until perfection is made by complete compliance with the statute. (See discussion of cases, DeMann, *DeMann's Ohio Mechanic's Lien Law* (2d ed. 1953) § 2.2, p. 32 et seq.)

In order to determine if Wittkop failed to follow the statutory requirements, the character of Wittkop must first be defined. According to the Ohio Revised Code, a contractor is one who contracts directly with the owner or authorized agent to complete all or part of an improvement to property and to furnish labor or labor and materials. A subcontractor is one who undertakes to construct or improve any part of a structure under a contract with anyone *other than the owner* (emphasis added). A materialman is one who furnishes machinery, material, or fuel—without labor. Since Wittkop furnished both material and labor, it is either a contractor or a subcontractor; further, since Wittkop contracted with the owners, Johnsons, Wittkop is a contractor.

According to Ohio Revised Code § 1311.-04, Wittkop as a contractor was required to do the following acts before payment from the owner was allowed:

1.) Make out and give to Owner a statement under oath showing:

a.) The name and address of every person furnishing material, and,

b.) The amount due or to become due to him.

2.) Give the owner a certificate signed by every person furnishing material or a waiver of lien, release, or receipt.

The statute is clear that until such requirements are met in the manner and form as provided by the statute, the contractor has no right of action or lien against the owner.

Wittkop attempts to exclude itself from the strict compliance of the statute by stating that the Ohio Supreme Court in *J. G. Laird Lumber Co. v. Teitelbaum*, 14 Ohio St.2d 115, 43 O.O.2d 176, 236 N.E.2d 531 (1968), allowed an incomplete mechanics lien to be upheld since the owner could have reasonably relied on the affidavit of contractor; and that strict compliance with the statutory requirements was needed only to *defeat* a materialman's lien and not to perfect it.

It appears that there is some confusion of the facts of the *Laird* case, so this Court will attempt to clarify them.

The property owner was presented with an affidavit from the contractor. This affidavit did not comply with the Ohio mechanics' lien statute in that it merely stated that all bills for labor and materials had been fully paid; no names of subcontractors or materialmen were listed. Further, there were not attached to this affidavit any certificates of materialmen or written waivers.

The owner relied upon the incomplete affidavit and paid the contractor. The contractor did not then pay J. G. Laird Lumber Company (Laird) the amount due.

The issue of the case is not, as Wittkop believes, whether or not the mechanics' lien of the materialman was valid. That question never arose. The issue was whether a property owner obtains the protection of the mechanics' lien law against a materialman's lien, if he pays the contractor in reliance upon affidavits of the contractor which purport to comply with the Statute, but which neither list materialmen nor negate their existence and which are not accompanied by any certificates from materialmen. (*Laird*, 43 O.O.2d at 178, 236 N.E.2d 531).

The Court stated that the owner receives no protection from the statute *unless complete compliance* is made with the formal requirements of the statute. *Laird*, 43 O.O.2d at 178, 236 N.E.2d 531, emphasis supplied. Complete compliance was not made by the contractor; by listing the materialmen used or by offering waivers or receipts from them. Because of this critical error by the contractor, and the owners incorrect reliance on the insufficient affidavit, the owner was liable to J. G. Laird for the amount due, even though he had included that amount in the payment to the contractor. Presumably, if the owner had not relied upon the affidavit and had not paid the contractor, any subsequent lien filed by the contractor would not have been held valid because the statutory requirements were not met.

Like the *Laird* case, Wittkop gave the Johnsons an affidavit of contractor. Instead of stating that all had been paid, Wittkop answered "none" to the requirement of naming every person furnishing material to him and giving the amount, *if any*, which is due or to become due under the contract. (See Defendants' Motion for Partial Summary Judgment and Memorandum in Support—Exhibit A, Page 2). Further, the certificate of materialmen was not filled out, nor were there waivers attached.

It appears that the Ohio Supreme Court allows less than strict compliance with the statute, if it appears that all material has been taken from stock and paid for which would negate the existence of any materialmen. *Durrel Paint and Varnish Co. v. Arnold*, 105 Ohio App. 172, 5 O.O.2d 455, 152 N.E.2d 9. In the case at bar, Wittkop falsely implied in the affidavit that there were no materialmen when in fact there were, so Wittkop does not fall within the exception of the *Durrel Paint* case.

Johnsons could not have relied upon the affidavit of Wittkop especially since they knew of the existence of materialmen. Wittkop did not supply certificates of materialmen nor waivers from them in order to clarify its affidavit. Assuming arguendo that if Johnsons had paid Wittkop in reliance upon the affidavit supplied, and Wittkop then failed to pay one of the materialmen, the conclusion would be just as found in the *Laird* case, assuming the mate-

rialman had followed the statutory requisites in perfecting its lien. Johnsons would then have had to pay twice.

For the foregoing reasons, this Court therefore concludes that Wittkop, because it did not comply with the requirements set forth in the Ohio Revised Code, does not have a valid mechanics' lien and should not enjoy the status of secured creditor in this case.

Wittkop argues that Ohio law holds that "where a materialman sells material to individuals and looks to them only for payment the materialman is not entitled to a mechanics lien on the premises where the material is used even though such individuals specified when and where the material was to be delivered." (See Additional Memorandum in Support of Motion for Reconsideration on Debtors' Motion for Partial Summary Judgment of Wittkop, p. 2).

A crucial point is missed in this line of cases. The cases deal with materialmen supplying to other materialmen. *Botzum Bros. Co. v. The Brown Lumber Co., et al.,* 104 Ohio App. 507, 150 N.E.2d 485 (1957); *Ivorydale Lumber Co. v. Cincinnati Union Terminal Co.,* 45 Ohio App. 353, 187 N.E. 126 (1933); *Capitol City Lumber v. Ellerbrock,* 177 Ohio St. 159, 203 N.E.2d 244 (1964); *Choteau v. Thompson,* 2 Ohio St. 114 (1853). It was stated earlier that by definition, Wittkop is not a materialman, but is a contractor. This Court is in agreement with Johnsons, if Wittkop were a materialman, these cases might have some bearing, however, Wittkop as a contractor must list his suppliers.

Wittkop's final argument is that even if the statute was not complied with, Johnsons waived Wittkop's compliance because Johnsons did not raise the issue of noncompliance until two years after the filing of the affidavit of lien. The facts show, that in Johnson's Answer to Wittkop's initial Complaint for Foreclosure, the defense of noncompliance was raised. This defense was raised within ninety (90) days of the Complaint For Foreclosure. Therefore, Wittkop has no basis for contending that Johnsons waited two years before raising the defense.

As stated in this Court's original Order of January 8, 1982, the Court is not sure that this conclusion gives an equitable result in cases such as this. However, it appears that the Ohio case law is quite clear that strict compliance with the statute is a condition precedent to the creation and perfection of a mechanics' lien. Such state court interpretation must be followed by this Court.

In so reaching these conclusions, the Court has considered all the evidence presented whether or not referred to specifically in the opinion above.

It is therefore ORDERED, ADJUDGED and DECREED that the mechanics' lien of Plaintiff Frederick D. Wittkop is hereby declared invalid and Defendants' Motion for Partial Summary Judgment is GRANTED, thereby DISMISSING Plaintiff's Second Cause of Action.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record.