**In re HUNT ENERGY CO., INC., Debtor and Debtor-In-Possession.**

**HUNT ENERGY CO., INC., Plaintiff,**

**v.**

**UNITED STATES of America, et al., Defendants.**

**Bankruptcy No. B84–00954.**

**Adv. No. B85–0076.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Sept. 12, 1985.

Harold E. Leidner, Jerome Leiken, Benesch, Friedlander, Coplan & Aronoft, Cleveland, Ohio, special counsel for plaintiff-debtor.

Roger J. Stevenson, G.A. Dietrich, Roetzel & Andress, Akron, Ohio, counsel for defendant, Boyd Elec. Co., now known as Boyd Liquidation Corp.

MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter is before the Court on the motion of plaintiff, Hunt Energy Company, Inc. ("Hunt"), for summary judgment against defendant, Boyd Electric Company, now known as Boyd Liquidation Corp. ("Boyd"), on Boyd's counterclaim against Hunt.

Hunt commenced the within proceeding under Chapter 11 of the Bankruptcy Code on February 10, 1984. On February 8, 1985, Hunt filed a complaint to sell assets comprising the Hunt mini-mill, in which Hunt sought authority to sell certain "mini-mill assets" free and clear of liens, interests and claims. The complaint required all of the defendants named therein to assert their liens or other interests in the mini-mill assets, or be forever barred from asserting any lien or interest in such assets or the proceeds thereof. Hunt subsequently filed an amended complaint to sell assets comprising the Hunt mini-mill on February 15, 1985.

On February 27, 1985, Boyd served its answer to the complaint, and asserted a counterclaim against Hunt. In its counterclaim, Boyd alleged that it contracted with Hunt to furnish labor and material in the erection, alteration and repair of certain of the mini-mill assets. Boyd sought a determination in its counterclaim that it has a valid and subsisting mechanic's lien in the amount of $115,262.84 against the fund derived from the sale of the mini-mill assets, by virtue of an affidavit to obtain a mechanic's lien filed on its behalf, a copy of which was attached to its answer and counterclaim as "Exhibit A".

On March 8, 1985, Hunt filed its reply to Boyd's counterclaim, in which it asserted the affirmative defense that Boyd's counterclaim failed to state a claim upon which relief could be granted.

Boyd failed to attach to its affidavit of original contractor a certificate of materialman or, in lieu thereof, a written waiver of lien, release or receipt from Yankee Electric Supply Company ("Yankee Electric"), as required by Ohio Revised Code Section 1311.04. Instead, there appears below the certificate of materialmen for Professional Electric Products Co. merely the stamp of "Yankee Electric Supply Co." and a signature by Leon Thompson, President, without any certification or information with re-

spect to the nature of the machinery, material or fuel furnished by Yankee Electric, the date Yankee Electric commenced furnishing the same and the amount then due or owing Yankee Electric.

To obtain a valid mechanic's lien under Ohio law, a lien claimant must strictly comply with all applicable statutory requirements. In the case of *Clapp Co. v. Fox*, 124 Ohio St. 331, 178 N.E. 586 (1931), the Supreme Court expressed the strict rule of construction as follows: "[M]echanic's liens should be *strictly construed as to the question whether a lien* attaches, but are liberally construed after the lien has been created ..." 124 Ohio St. at 335, 178 N.E. 586 (emphasis added).[1]

In order to obtain a valid mechanic's lien, an original contractor must, in addition to filing and serving an affidavit to obtain a mechanic's lien in accordance with the provisions of Ohio Revised Code Sections 1311.06 and 1311.07, strictly comply with Ohio Revised Code Section 1311.04. Section 1311.04 requires that, when served, a sworn statement or affidavit of original contractor "shall be accompanied by a certificate signed by every person furnishing machinery, material, or fuel to him." Ohio Rev.Code § 1311.04.

Section 1311.04 sets forth a form of "affidavit of original contractor," the contents of which include, as the statute mandates and under the heading "Materialmen," the name and address of every materialman and the amount due or to become due to each. Under such heading the following unambiguous language appears: "Note:— The above must be accompanied by 'Certificate of Materialman.' (See Certificate below)." *Id.*

Section 1311.04 also sets forth a form of "Certificate of Materialmen," in which all materialmen named in such certificate and the affidavit of original contractor are required to confirm certain representations contained in the affidavit of original contractor, including:

---

1. *See also In re Rocco Homes Building Co.*, 23 Ohio Op. 514 (N.D.Ohio 1941); *Manpower Inc. v. Phillips*, 173 Ohio St. 45, 179 N.E.2d 922 (1962); *Kelly Co. v. Haendiges*, 60 Ohio App.2d 318, 397 N.E.2d 416 (1978), aff'd, 58 Ohio St.2d 505, 391 N.E.2d 723 (1979).

that the nature of said machinery, material, or fuel furnished, the date when they commenced furnishing the same and the amount now due or owing to each of them, [are] *correctly stated and set opposite their repsective names and addresses* ...

*Id.* (emphasis added). In lieu of such certificate, the contractor may furnish a written waiver of lien release or receipt from each materialman listed.

The necessity of delivering to the owner both a complete affidavit of original contractor and complete certificates of materialmen before the owner may make a payment to the original contractor is set forth in the following mandatory language of Section 1311.04:

The owner, part owner, lessee, or his agent shall retain out of any money then due or to become due to the principal contractor, an amount sufficient to pay all demands that are due or to become due to such ... materialmen, *as shown by the contractor['s] ... state[ment] and the certificates of materialmen* for ... machinery, material, or fuel furnished, and shall pay said money to them according to their respective rights.

*Id.* (emphasis added)

Complete compliance with the statutory requirements as a condition precedent to the perfection of the contractor's lien is further mandated by the following provision of Section 1311.04:

Until the statements are made and furnished *in the manner and form provided for in this section, the contractor has no right of action or lien against the owner, part owner, or lessee, on account of such contract* ... and any payments made by the owner, part owner, or lessee, before such statements are made or without retaining sufficient money ... to pay the subcontractors, laborers, or materialmen, as shown by the said statements and certificates, are illegal and made in violation of the rights of the persons intended to be benefited

by sections 1311.01 to 1311.24 inclusive, of the Revised Code, ...

*Id.* (emphasis added).

Ohio cases have held, as dictated by the clear language of Section 1311.04, that a contractor's or subcontractor's failure to attach certificates of materialmen to its affidavit invalidates the contractor's or subcontractor's lien. *See, e.g., Suburban Heating Co. v. Lougher,* 4 Ohio App.2d 343, 212 N.E.2d 659 (1964), where the subcontractor's affidavit was held defective and its lien invalidated since it failed to list a materialman and failed to attach a certificate of materialman to its affidavit.

Ohio cases also hold that an original contractor must be in complete compliance with the formal requirements of Section 1311.04; substantial compliance is not sufficient. *Laird Lumber Co. v. Teitelbaum,* 14 Ohio St.2d 115, 236 N.E.2d 531 (1968). The Ohio Supreme Court, in *Laird,* interpreted Section 1311.04 as follows: "Section 1311.04, Revised Code, clearly requires the contractor to list in his affidavit *every* materialman and to obtain certificates from them," (citing to *Frisch v. Ammon,* 34 Ohio App. 447, 171 N.E. 247 (1929). 14 Ohio St.2d at 118, 236 N.E.2d 531.

Section 1311.04 and the *Suburban Heating* and *Laird* decisions are clear that unless the statutory requirements are met in the manner and form provided, a contractor's lien is unperfected and, therefore, void and invalid.

As is shown by "Exhibit 1" to counsel's affidavit, Boyd failed to attach to its affidavit of original contractor a proper certificate of materialman from Yankee Electric, as required by Section 1311.04. Instead, merely the stamp of "Yankee Electric Supply Co." and the signature of Leon Thompson, President, were obtained. Consequently, without a proper and complete certificate of materialman, the contents of such certificate as mandated by Section 1311.04 are absent, including the nature of the machinery, material or fuel furnished by Yankee Electric, the date Yankee Electric commenced furnishing the same and

the amount then due or owing to Yankee Electric.

An original contractor must be in complete compliance with the formal requirements of Section 1311.04, so that an owner may use the certificates of materialmen to properly ascertain the identity of the materialmen and the actual amount then due or owing to each, and to make payments in accordance therewith. Section 1311.04 provides that unless such requirements were met by Boyd in the manner and form provided by the statute, Boyd's asserted lien was and is invalid.