BURKE INTERNATIONAL RESEARCH CORPORATION, APPELLANT, v. LINDLEY, TAX COMMR., APPELLEE.

(No. 78-1165—Decided April 18, 1979.)

28

*Messrs. Dinsmore, Shohl, Coates & Deupree* and *Mr. David S. Mann,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

WILLIAM B. BROWN, J. The issue before the court is whether the amendment to R. C. 5733.05, adopted effective December 20, 1971, by which the "net income" of a corporation was made an alternative basis for computing the corporate franchise tax, is a retroactive law prohibited by Section 28, Article II of the Ohio Constitution, *as applied* to a corporate taxpayer whose accounting year was not yet closed at the time the amendment became effective.

The syllabus of *Lakengren, supra,* reads, as follows:

"Insofar as it increases the franchise tax obligation

of a corporation for an accounting year already closed at the time of enactment, the amendment to R. C. 5733.05, adopted December 20, 1971, is void as a retroactive law in violation of Section 28, Article II of the Ohio Constitution."

The commissioner contends that implicit in this syllabus is a holding by this court that application of this amendment to an accounting year of a corporation which was still open at the time of adoption of the amendment is not unconstitutionally retroactive. Burke argues that the court was not directly presented with the issue at bar, that the syllabus of a case must be read and construed with reference to the facts giving rise to the cause of action (*Williamson Heater Co.* v. *Radich* [1934], 128 Ohio St. 124), and that, therefore, *Lakengren* is not controlling in the present situation.

While *Lakengren* may not be dispositive of this cause, this court's reasoning therein is certainly relevant. This court stated in *Lakengren*, at pages 202-203, as follows:

"In this case, the appellant used a permissible period of accounting (R. C. 5733.031), and at the conclusion of that period was subject to a tax obligation under existing law of $3,557.55, payable a year later if the appellant wished to continue doing business in Ohio. Under the accepted systems of accounting approved by the Revised Code, appellant was entitled to distribute or invest the profit it had earned, and need not retain some part of those profits in anticipation of a subsequent tax based upon the income earned in that year, income which might or might not be related to the actual business activity of the corporation in the following year. Appellant was entitled to consider that the money was finally its own. *When the accounting year closed for the taxpayer, it closed for the taxing authority as well * * *.*" (Emphasis added.)

A corollary of the emphasized language is that when an accounting year is open for the taxpayer, it is open for the taxing authority as well. As this court stated, at page 204, in *Lakengren, supra*:

"As a practical matter, a tax levied upon income of a particular period, whether payable immediately or in the future, is a tax taken from that income, and that taking may not be made retroactively. *This in no way prevents the General Assembly from levying a tax payable in the future, based upon the income of periods ending after the enactment of the levy.*" (Emphasis added.)

The amendment to R. C. 5733.05, adopted effective December 20, 1971, by which the "net income" of a corporation was made an alternative basis for computing the corporate franchise tax, is not unconstitutional as a retroactive law prohibited by Section 28, Article II of the Ohio Constitution, as applied to a corporate taxpayer whose accounting year was not yet closed at the time the amendment became effective.

The decision of the Board of Tax Appeals being neither unreasonable nor unlawful is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, DONOFRIO and HOLMES, JJ., concur.

DONOFRIO, J., of the Seventh Appellate District, sitting for LOCHER, J.