ATLAS CRANKSHAFT CORPORATION, APPELLANT, v. LINDLEY,
TAX COMMR., APPELLEE.

(No. 78-1182—Decided June 6, 1979.)

300

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Kenneth D. Beck, Mr. Robert E. Leach* and *Ms. Nanci L. Danison,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellee.

*Per Curiam.* Appellant presents two issues to this court for resolution. The first issue is whether the amendment of R. C. 5733.05 adopted effective December 20, 1971, insofar as it increases the franchise tax obligation of a corporation for that portion of an accounting year already passed, is void as a retroactive law in violation of Section 28, Article II of the Ohio Constitution.

This issue was settled recently in *Burke International* v. *Lindley* (1979), 58 Ohio St. 2d 27, and, therefore, needs no extended discussion. The syllabus in that case reads:

"The amendment to R. C. 5733.05, adopted effective December 20, 1971, by which the 'net income' of a corporation was made an alternative basis for computing the corporate franchise tax, is not unconstitutional as a retroactive law prohibited by Section 28, Article II of the Ohio Constitution, as applied to a corporate taxpayer whose accounting year was not yet closed at the time the amendment became effective."

Consequently, since the tax year in question was not closed at the effective date of the statute, it was not unconstitutional to require appellant to file its tax return pursuant to the then recently amended R. C. 5733.05.

The second issue presented is whether a corporate tax-

payer using an acceptable method of depreciation for federal income tax purposes, for the first taxable year for which the Ohio franchise tax is computed on the corporation's net income, may exclude from such net income that amount that originated prior to such first year and that was included as part of surplus at the time of its origination as shown by the financial books of the corporation.

The appellant relies upon R. C. 5733.04(I)(5) to justify its deduction of the difference in the surplus as shown by its tax books (using the accelerated depreciation method) and the surplus as shown by its internal books of record (using straight-line depreciation) to arrive at its net income for franchise tax purposes. R. C. 5733.04 is the "definitions" section of R. C. Chapter 5733. In relevant part, it provides as follows:

"As used in Chapter 5733 of the Revised Code:
"* * *

"(I) 'Net income' means the taxpayer's taxable income before operating loss deduction and special deductions, as required to be reported for the taxpayer's taxable year under the Internal Revenue Code, subject to the following adjustments:
"* * *

"(5) Taxpayers using the installment or completed contract method of accounting, *or other acceptable methods of accounting,* for federal income tax purposes for the first taxable year on which the tax provided for in section 5733.-06 of the Revised Code is computed on the corporation's net income, shall exclude from net income that amount that originated prior to such first taxable year and that was included as part of surplus at the time of origination, as shown by the books of the corporation." (Emphasis added.)

Appellant argues that it is using an "acceptable method of accounting" (which the commissioner concedes) and should, therefore, be permitted to exclude from net income "that amount that originated prior to such first taxable year * * * that was included as part of surplus at the time of origination * * *."

However, reading the phrase "acceptable methods of accounting" in its context, it is clear to this court that the General Assembly meant "acceptable methods of accounting" for recognition of income in the same manner as does the installment or completed contract method of accounting, *i. e.*, prior to realization. In other words, the General Assembly chose not to penalize those corporate taxpayers that had opted, because of sound bookkeeping principles, to recognize some income on their internal books prior to its receipt.

Appellant's position seems incongruous. The General Assembly dealt in detail in the ten subdivisions of R. C. 5733.04(I) with what constitutes "net income" and what adjustments are to be made to taxable income to arrive at net income. If an adjustment for depreciation was contemplated, it would have been mentioned. There is no reason to read such an adjustment into the statute.*

Furthermore, this case is ephemeral in nature because the adjustments provided in R. C. 5733.04(I)(5) applied only to the "* * * first taxable year * * *" that a corporation was required to make a net income calculation for franchise tax purposes. That "year" has come and gone for almost all corporate taxpayers.

For the foregoing reasons, we hold that the Board of Tax Appeals' interpretation of R. C. 5733.04(I)(5) is neither unlawful nor unreasonable.

The decision of the Board of Tax Appeals being neither unreasonable nor unlawful is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY and LOCHER, JJ., concur.

P. BROWN and HOLMES, JJ., dissent.

---

*Appellant also makes an argument of "double taxation." The amendments to R. C. 5733.05 and related statutes concerning "net income" are a codification of an alternative method of measuring the privilege of doing business in corporate form in this state. It is not an income tax *per se*; and, even if it might be so construed, appellant is not being taxed twice.